**Jerome MAGALOTTI, Plaintiff,**

v.

**FORD MOTOR COMPANY, a Foreign Corporation, Defendant.**

**Civ. A. No. 6–70518.**

United States District Court,
E. D. Michigan, S. D.

July 16, 1976.

---

V. Paul Donnelly, Haynes & Donnelly, P. C., Detroit, Mich., for plaintiff.

William A. Zolbert, Dearborn, Mich., for defendant.

### MEMORANDUM OPINION

FEIKENS, District Judge.

Jerome Magalotti brought this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, claiming that his retirement on June 30, 1975, from his position as Engineering Program Coordinator with defendant Ford Motor Company constituted discrimination on account of his age (56). Defendant moves to dismiss claiming that plaintiff's failure to file a timely complaint with the Michigan Civil Rights Commission deprives this court of subject matter jurisdiction.

The decision of this motion depends upon a construction of 29 U.S.C. § 633(b), which provides in relevant part:

> In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 *of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated.* . . . (emphasis added).

Michigan is a state which has a law prohibiting discrimination in employment because of age.[1] Moreover, Michigan has a

---

1. M.C.L.A. § 423.303a(a) provides in relevant part:

    It is an unfair employment practice:

    (a) For any employer, because any individual is between the ages of 18 and 60 . . ., to refuse to hire or otherwise to discriminate

State authority charged with enforcing this law.[2] The limitation period upon the right to file a complaint with the state commission is relatively short:

> Any individual claiming to be aggrieved by an alleged unlawful employment practice may, by himself or his agent, make, sign and file with the board, within 90 days after the alleged act of discrimination, a verified complaint in writing. . . . M.C.L.A. § 423.307(b).

While this 90-day period is framed in permissive language, it has been interpreted as a "statutory limitation of time within which suit must be brought." *Pompey v. General Motors Corp.*, 385 Mich. 537, 550, 189 N.W.2d 243, 250 (1971).

In this case the act of discrimination is alleged to have occurred on June 30, 1975. Plaintiff approached Helen V. Prather, a Public Service Representative of the Department of Civil Rights of the State of Michigan, on December 8, 1975, regarding a possible complaint. According to an affidavit filed in this case by Prather,

> Mr. Magalotti was informed that his complaint of age discrimination would not be accepted because it had not been filed with the Department of Civil Rights within 90 days of the alleged act of discrimination which occurred on June 30, 1975.

■ The issue for decision is whether Congress intended, by prescribing a 60-day waiting period during which the state authorities would have an opportunity to resolve the dispute prior to the filing of an age discrimination claim in federal court, to preclude a federal action in a case in which the state agency declines to act because the complaint is presented to it more than 90 days after the alleged act of discrimination. Defendant contends that timely resort to state remedies is a jurisdictional prerequisite to a federal action. By the use of the

term "jurisdictional," defendant presumably means that failure to resort to the state agency in a timely fashion deprives the court of the power to act. That is, even if in a particular case the parties should stipulate that resort to the agency was unnecessary, or if there were equitable reasons impelling the court to overlook a claimant's failure to resort to the agency, the complaint would nonetheless have to be dismissed. It is, of course, hornbook law that neither the litigants nor the court itself can confer jurisdiction where it does not independently exist. *See, e. g.,* C. Wright, *Handbook of the Law of Federal Courts*, § 66 at 280 (2d ed. 1970) ("Lack of jurisdiction of the subject matter is never waived and if such lack of jurisdiction appears at any time in the case, the court must dismiss the action.").

The cases relied upon by defendant do not uniformly support its contention. In *Goger v. H. K. Porter Co.*, 492 F.2d 13 (3d Cir. 1974), the court vacated an order of dismissal despite the failure of the plaintiff to resort to the state agency prior to filing a federal action for age discrimination. The court stated:

> While we do not consider the failure to file a timely complaint with the appropriate state agency a mere "technical" omission, we nonetheless consider equitable relief to be appropriate in view of the total absence to our knowledge, of any judicial decision construing section 633(b) during the period involved here and in view of the remedial purpose of the 1967 Act. In the future, however, we think the Congressional intent that state agencies be given the initial opportunity to act should be strictly followed and enforced.

492 F.2d at 16–17 (footnotes omitted). Had the court in *Goger* considered § 633(b) jurisdictional, it would have lacked the power to grant "equitable relief." Similarly, in *Vaughn v. Chrysler Corp.*, 382 F.Supp. 143

---

against him with respect to hire, tenure, terms, conditions or privileges of employment.

**2.** M.C.L.A. § 423.307(a) provides in part:

The [civil rights] commission is empowered and directed . . . to prevent any person

from engaging in unfair employment practices. . . .

(E.D.Mich.1974), while the court characterized the failure to allege timely resort to state remedies as "a fatal jurisdictional defect," 382 F.Supp. at 146, it also recognized the possibility that the requirement could be waived:

> It appears then that the requirements of [§ 633(b)] can be waived only when the plaintiff has justifiably and detrimentally relied upon official advice in neglecting to pursue state remedies.

*Id.* A waiver would be impossible, however, if the requirement were truly "jurisdictional."

Other courts have been more explicit in holding that failure to resort to state remedies is not a jurisdictional defect. *See Skoglund v. Singer Co.,* 403 F.Supp. 797, 802 (D.N.H.1975) ("I do not believe that plaintiff's failure to timely comply with Section 633(b) deprives this court of the power to hear this case. There is no indication in either the history or the wording of ADEA that the Section 633(b) requirement is jurisdictional."); *Arnold v. Hawaiian Telephone Co.,* 11 E.P.D. ¶ 10,786 (E.Haw.1975) (motion to dismiss for lack of jurisdiction denied).

There is, on the other hand, respectable authority in this district for the proposition that § 633(b) does set forth a prerequisite to jurisdiction. *See McGhee v. Ford Motor Co.,* No. 5–71685 (E.D.Mich., 1976) ("We conclude that the timely filing of a complaint with the appropriate state agency is a jurisdictional prerequisite to the filing of a complaint in federal court under the Age Discrimination in Employment Act.").

In view of this array of judicial interpretations, the most that can be concluded is that the "jurisdictional" nature of § 633(b) is still an open question. Congress did not make its intent clear in this regard, and the court must agree with defendant's comment that "[t]he legislative history of the A.D.E.A. is not illuminating on the point in issue." Supplemental Memorandum, dated April 23, 1976, at 1. The court must therefore give § 633(b) that construction most likely to achieve the remedial social policy

expressed in the congressional statement of findings and purpose. 29 U.S.C. § 621.

As stated in *Goger, supra,* at 15:

> [A]lthough the Act does not require an aggrieved person to exhaust state remedies as a condition precedent to the institution of a federal suit, it does require that the State be given a threshold period of sixty days in which it may attempt to resolve the controversy, normally by voluntary compliance.

Thus if the state agency is unable to resolve the dispute in sixty days, the aggrieved person may nonetheless terminate the state proceedings, and, after sixty days' notice to the Secretary of Labor, § 626(d), commence a federal action. Congress apparently considered it adequate to the legislative purpose that the state be given a reasonable first opportunity to resolve the dispute, if an appropriate state mechanism is available. If no state agency exists, or if the state agency takes more than sixty days to process the claim, or if the claim is rejected on the merits by the state agency, then federal action is permitted. Is the situation different when the state agency rejects a claim as untimely filed? Section 633(b) does not require a claimant to wait the usual sixty days when "such proceedings have been earlier terminated." It is not clear whether Congress intended to distinguish between terminations of state proceedings for failure to comply with the statute of limitations and terminations for other reasons.

A persuasive argument can be made that to permit an action to be filed despite failure to resort to the state agency in time would permit the state procedure to be bypassed deliberately. Unless, as suggested by Judge Garth in his concurring opinion in *Goger, supra,* 492 F.2d at 18, the congressional intent was to give the aggrieved party a choice between state and federal remedies, this would be an undesirable result. *See McGarvey v. Merck & Co., Inc.,* 359 F.Supp. 525, 527 (D.N.J. 1973). It might be argued that an exception could be made for instances where a plaintiff has "wilfully or knowingly refused to avail himself of his

state remedies." *Skoglund, supra,* 403 F.Supp. at 802 n. 5. However, this solution presents virtually insurmountable problems of proof. It is difficult to imagine an offer of evidence that would demonstrate that a failure to seek state relief within ninety days of the alleged discrimination was intentional.

Despite this opportunity for a deliberate bypass, there are good reasons to treat a state proceeding terminated for failure to comply with the statute of limitations in the same fashion for purposes of § 633(b) as state proceedings terminated for other reasons. First, the language of the statute does not require that state proceedings be completed but only that they be "commenced." Under § 633(b), proceedings are commenced when "a written and signed statement of the facts upon which the proceeding is based" has been filed, or, if the state requires more,

> the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.

Significantly, the statute does not specify that a claim received too late by the state has not been "commenced" as that term is legislatively defined. One reason for this might well have been a desire not to deter the filing of claims with the state where the limitation period may arguably have expired, but there is a substantial dispute as to when the claim accrued, or there are equitable reasons for the state to accept a late claim. By way of analogy, in the federal courts "[a] civil action is commenced by filing a complaint with the court." Fed.R. Civ.Pro. 3. While the affirmative defense of the statute of limitations may or may not be raised in the answer, Fed.R.Civ.Pro. 8(c), there is no doubt that even a time-barred action has been "commenced" when the complaint is filed.

Second, an imaginative plaintiff bent on bypassing the state agency could file a timely claim with the state and still find a way to ensure that no decision was reached for sixty days, or that the proceedings were terminated adversely to him for some reason. Such approaches to a "deliberate bypass" would not be precluded by requiring timely resort to state remedies. The post-filing delay approach could only be prevented by requiring that state remedies be exhausted rather than merely commenced. Not even an exhaustion requirement would prevent a deliberately adverse termination of timely commenced proceedings.

Congress adequately provided against stale claims by incorporating the two-year statute of limitations of 29 U.S.C. § 255 into the Act. 29 U.S.C. § 626(e). If it had intended to permit the states to cut off the avenue to federal relief by imposing a limitation period of 90 days, it would surely have spoken more clearly. In states with no state agency, a claimant has 180 days to notify the Secretary of his intent to sue. 29 U.S.C. § 626(d). It has been suggested that the purpose of § 633 was to permit the states to accord even greater protection to the victims of age discrimination than that given under federal law, *Goger, supra,* 492 F.2d at 18 n. 2 (citing former Secretary of Labor W. Willard Wirtz), and it would require a stronger showing than that made here to demonstrate that Congress intended to permit the states to give less protection.

■ The court holds that a proceeding is "commenced" for purposes of § 633(b) when a claim has been filed with the state agency, even if the proceeding should subsequently be terminated for failure to comply with the statute of limitations. While the present plaintiff does not allege that he presented his claim to the state agency in writing, he failed to do so on the express advice of an authorized representative of the state that to do so would be futile. Reliance upon official advice is a recognized equitable ground for excusing compliance with the literal terms of § 633(b). *See Vaughn, supra,* at 146.

■ Defendant makes the further argument that "plaintiff's notice to the U. S. Department of Labor on October 28, 1975, before even contacting the state agency was clearly premature and of no force and

effect." Memorandum dated March 29, 1976, at 5–6. Reliance is placed upon the following dictum from *Vaughn, supra,* 382 F.Supp. at 145:

> [A]n employee must commence proceedings under Michigan's laws prohibiting age discrimination, and *those proceedings must have been in progress for at least sixty days before plaintiff may file his notice with the Secretary of Labor in preparation for bringing suit.* (emphasis added).

The opinion in *Vaughn* does not cite authority for this proposition, nor was the question presented on the facts. The provision for notifying the Secretary, 29 U.S.C. § 626(d), reads as follows:

> No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
>
> (1) within one hundred and eighty days after the alleged unlawful practice occurred, or
>
> (2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Nothing in this statutory language precludes effective notice to the Secretary prior to commencing state proceedings. While Congress apparently expected the state agency to be approached first in the usual case (a longer period for notifying the Secretary having been provided for 633(b) states than for states with no equivalent agency), it did not require that this procedural sequence be followed. While an action may be barred if the Secretary is notified too late, there is no statutory prohibition against notice that comes earlier than necessary.

For these reasons, defendants' motion to dismiss is denied. An appropriate order may be submitted.