Robert H. NICKEL, Plaintiff,

v.

SHATTERPROOF GLASS CORPORA-
TION, a Michigan Corporation,
Defendant.

Civ. A. No. 6–70701.

United States District Court,
E. D. Michigan, S. D.

Dec. 27, 1976.

Jack F. Gardner, Ledwon & Gardner, Southfield, Mich., for plaintiff.

Dennis B. DuBay, Keller, Thoma, Toppin & Schwarze, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Robert H. Nickel brought this suit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* claiming that his discharge from employment with the defendant company was because of his age. Defendant has moved to dismiss on the grounds that plaintiff's failure to file a timely complaint with the Michigan Civil Rights Commission ("MCRC") deprives this court of subject matter jurisdiction. Defendant also moves to dismiss for failure to state a claim arguing that failure to allege timely resort to the MCRC is a fatal flaw in its claim for relief. For reasons discussed below, defendant's motion is denied.

There are five dates that are relevant to a consideration of this motion:

September 30, 1975—Plaintiff was discharged from employment.

February 27, 1976—Plaintiff attempted to file an age discrimination charge with the MCRC but the MCRC refused to take the complaint because more than 90 days had passed since the plaintiff was discharged.

March 3, 1976—Plaintiff notified the Secretary of Labor of his intent to bring a suit in federal court under the ADEA.

March 23, 1976—The Secretary of Labor informed the plaintiff that he could not resolve the dispute and that plaintiff had now met the statutory requirements for filing suit in federal court.

April 7, 1976—The instant suit was filed by plaintiff.

■ The determination of this motion requires a construction of § 14(b) of the ADEA, 29 U.S.C. § 633(b). That section provides:

"(b) In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: PROVIDED, That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority."

Michigan is a state which has a law prohibiting discrimination in employment because of age, M.C.L.A. § 423.303a, and which has established an agency to grant or seek relief from discriminatory practices, M.C.L.A. § 423.307. Therefore, Michigan is a § 633(b) state. See *Eklund v. Lubrizol Corp.*, 529 F.2d 247, 250 (6th Cir. 1976). This court must decide what effect plaintiff's failure to timely file a charge with the MCRC has on this lawsuit.

The courts that have been faced with the problem of determining what Congressional intent was in drafting this section have divided. Some courts have used language indicating that failure to timely file with a state agency is a jurisdictional defect which precludes federal suit. See *Gabriele v. Chrysler Corp.*, 416 F.Supp. 666 (E.D.Mich. 1976). (The "clear mandate" of the statute bars an action where plaintiff has not timely filed.) Other courts have spoken in terms of jurisdictional requirements but have recognized equitable considerations which would allow excuse of failure to timely file with the state. *Goger v. H. K. Porter Company, Inc.*, 492 F.2d 13 (3d Cir. 1974); *Vaughn v. Chrysler Corp.*, 382 F.Supp. 143 (E.D.Mich.1974). Still other courts that have considered the statute have found no Congressional intent to preclude federal suit when the plaintiff has failed to file with a state agency within the state time limits. *Skoglund v. Singer Company*, 403 F.Supp. 797 (D.N.H.1975); *Magalotti v. Ford Motor Co.*, 418 F.Supp. 430 (E.D.Mich.1976).

■ This court, however, finds that the explicit language of the statute answers the question presented. The last sentence of § 633(b) reads: "If *any requirement* for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceedings *shall be deemed to have been commenced* for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority." (Emphasis added.)

Michigan has imposed a further requirement for the commencement of proceedings with the MCRC other than the filing of a written and signed statement. It requires that such a statement be filed within 90 days of the discriminatory act. Therefore, under the statutory language just quoted, plaintiff would be deemed to have commenced his proceedings in the MCRC when he sent the statement to the MCRC. Plaintiff did not allege that he sent the statement by registered mail but rather that he brought it to the MCRC in person, but this does not change the result that the proceedings were commenced with the MCRC for § 633(b) purposes at that time. At the time plaintiff attempted to file and the MCRC refused to take any action, the proceedings were both commenced and terminated and plaintiff had fully complied with § 633(b).

A more restrictive interpretation of the meaning of § 633(b) would not be in accord with the remedial purposes of the act, and there are good reasons why a restrictive reading of this section would not make good sense.

To hold that failure to timely file with a state agency has the effect of barring a federal remedy would mean that persons living in states that have seen fit to pass legislation attempting to deal with the problem of age discrimination would often be in a worse position than persons in a state with no such legislation. For example, in Ohio, which is not a "§ 633(b) state", *Ecklund, supra,* at 250, a plaintiff would have up to 180 days within which to file a notice of intent to sue with the Secretary of Labor, 29 U.S.C. § 626(d)(1). However, in Michigan, which has adopted such protective laws, a plaintiff must file with the MCRC within 90 days. If failure to timely file with MCRC were held to be a jurisdictional prerequisite to federal suit, a Michigan resident would have a statute of limitations that was in effect only half as long as in Ohio. Such observations led one court to conclude: "It has been suggested that the purpose of § 633 was to permit the states to accord even greater protection to the victims of age discrimination than that given under federal law . . . and it would require a stronger showing than that made here to demonstrate that Congress intended to permit the states to give less protection." *Magalotti, supra,* at 434. This court agrees.

■ It must be remembered that plaintiffs in age discrimination suits are often likely to be unrepresented by counsel in the first stages of their attempt to gain redress

from discriminatory acts. The plaintiff is likely to be a newcomer to the world of courts, administrative agencies and statutes of limitations. As the Fifth Circuit has observed in the similar area of Title VII litigation, "We must ever be mindful that the provisions of Title VII were not designed for the sophisticated or the cognoscenti, but to protect equality of opportunity among all employees and prospective employees." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970). This court cannot conclude that Congress intended by § 633(b) a provision which would have the effect of denying for all time a remedy to those persons that the rest of the statute attempts to protect.

■ The court acknowledges arguments that to interpret § 633(b) as it has done will lead to deliberate by-pass of state procedures but finds them not to be compelling. First, the section does not require exhaustion of state remedies. It only requires that a plaintiff give the state 60 days within which to act. Thus, there is no strong incentive for by-pass of the state procedure. By the time a plaintiff could wait around to make sure the state limitations period has run, he could have filed with the state and moved on to his federal remedies. In addition, as noted by the court in *Magalotti, supra,* even if timely filing were a jurisdictional requirement to federal relief, a resourceful plaintiff could always find a way to prevent the state from acting or resolving the dispute within 60 days. Further, if a state feels that its interest in being involved in the resolution of age discrimination claims is being impaired by untimely filings, it, of course, has the power to increase the time limits within which its agencies could process an age discrimination claim. This would give the state 60

days to act. Therefore, the court does not find persuasive the argument that the threat of deliberate by-pass of state procedures should dictate a different interpretation of § 633(b).

■ The defendant also argues that the complaint should be dismissed because it does not show compliance with § 626(d) of the ADEA relating to the requirement of 60 days notice to the Secretary of Labor before suit may be filed.[1] Plaintiff gave notice to the Secretary on March 3, 1976. The Secretary informed the plaintiff on March 23, 1976 that he could not resolve the dispute and that plaintiff was free to commence suit. Shortly thereafter plaintiff commenced the instant suit. § 626(d) is intended to give the Secretary time to try to resolve these disputes informally before trial. *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195 (5th Cir. 1975). Once the Secretary has informed plaintiff that it cannot resolve the dispute and that plaintiff may proceed to trial, the notice requirements of § 626(d) have been met. Therefore, this ground advanced for dismissal of the complaint is without merit.

Defendant's motion to dismiss the complaint is denied.

So ordered.

---

1. Section 7(d), 29 U.S.C. § 626(d) of the ADEA provides that when § 633(b) applies, the plaintiff in an age discrimination suit has 300 days within which to file a notice of intent to sue with the Secretary of Labor rather than the 180 days for plaintiffs in a non-§ 633(b) state. Several courts have questioned which of these time limits would apply in a § 633(b) state when the plaintiff has not timely filed with the state agency. See *Gabriele v. Chrysler Corporation, supra; Bertsch v. Ford Motor Company,* 415 F.Supp. 619 (E.D.Mich.1976). The court need not decide this issue in this case since plaintiff filed with the Secretary of Labor within the shorter 180 day time limit.