**Frances McCRACKEN et al.**

v.

**SHENANGO INCORPORATED.**

Civ. A. No. 77–645.

United States District Court,
W. D. Pennsylvania.

Nov. 22, 1977.

Stanford Segal, Pittsburgh, Pa., for plaintiffs.

Jon Friedman, Donald Seymour, Pittsburgh, Pa., for defendant.

## MEMORANDUM DENYING DEFENDANT'S MOTION TO DISMISS

KNOX, District Judge.

Plaintiffs, former employees of defendant Shenango Incorporated, bring this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., alleging that on June 30, 1975, defendant subjected them to involuntary retirement before the age of 65 in violation of § 4(a)(1) of the Act. Plaintiffs seek relief in the form of unpaid minimum wages, overtime compensation, liquidated damages and an injunction directing defendant to re-employ them at its offices and plant at Neville Island, Pittsburgh, Pennsylvania.

Pending before the court is defendant's motion to dismiss filed under Rules 12(b)(1) and 12(b)(6). Defendant asserts that the court lacks subject matter jurisdiction, or in the alternative, that plaintiffs have failed to state a claim for which relief can be granted. Specifically, defendant alleges that plaintiffs failed to give timely notice of their intention to sue to the Secretary of Labor, as required by 7(d) of the Act, 29 U.S.C. § 626(d), also, that plaintiffs failed to comply with 14(b), 29 U.S.C. § 633(b), requiring commencement of proceedings under state age discrimination statutes before the filing of a federal action.

The issue before the court is whether plaintiffs have complied with 14(b)'s requirements by filing a complaint with the Pennsylvania Human Relations Commission after the running of the ninety-day state statute of limitations, but within the one hundred and eighty-day federal period, set forth in 7(d) of the Act. After a careful review of the briefs submitted by the parties, the court concludes that the defendant's motion must be denied.

The chronology of important events can be outlined as follows: Prior to June 30, 1975, all of the plaintiffs were employed by Shenango at its offices and plant located at Neville Island, Pittsburgh, Pennsylvania. On June 30, 1975, defendant terminated the employment of each of the plaintiffs through involuntary retirement, not pursuant to the terms of any retirement or pension plan. Plaintiff Frances McCracken was sixty-one years old and employed by defendant as a registered nurse. Plaintiff John McCracken, fifty-seven years old, was employed as a foreman in the Air Set Department. Plaintiff Phillip A. Davis, fifty-seven years old, was employed as a Scheduling Clerk.

In their brief, plaintiffs allege that they filed an age discrimination in employment complaint with the United States Department of Labor in Pittsburgh on October 3, 1975. On October 17, 1975, plaintiffs filed a complaint with the Pennsylvania Human Relations Commission (hereinafter Pa. H.R.C.). On October 24, 1975, plaintiffs' attorney notified the Department of Labor of plaintiffs' intent "to pursue the matter fully". Plaintiffs' Brief at 2.

By letter of January 21, 1976, Merwyn R. Markel, a representative of the Pa. H.R.C., informed plaintiffs that the Commission could not process their complaint, filed more than ninety days after June 30, 1975, the date of the alleged unlawful practice.

By letter of March 8, 1977, plaintiffs' attorney notified the Department of Labor of plaintiffs' intention to file suit under the Act. Plaintiffs then filed the present action in this court on June 2, 1977.

### (I) The Act.

The purpose of the Age Discrimination in Employment Act is "to promote employment of older persons based on their ability rather than age [and] to prohibit arbitrary age discrimination in employment". 29 U.S.C. § 621(b). The Act provides that an aggrieved individual may bring a civil action in federal court to enforce the Act, 29 U.S.C. § 626(c), provided that certain procedural prerequisites are met. These prerequisites are set forth in 7(d), 29 U.S.C. §§ 626(d), and 14(b), 29 U.S.C. § 633(b) of the Act. 7(d) provides that a plaintiff must file a notice of intention to sue with the Secretary of Labor at least sixty days before instituting an action in federal court. Further, this notice must be filed either within one hundred and eighty days of the alleged unlawful practice or, where 633(b) applies, within three hundred days of the discriminatory act. The purpose of this notice is to allow the Secretary an opportunity to attempt to resolve the problem through "conciliation, conference and persuasion". 29 U.S.C. § 626(d). 7(d) provides as follows:

"(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion."

14(b), 29 U.S.C. § 633(b), requires that proceedings first be commenced under state law where the practice has occurred in a state which has a law prohibiting age discrimination in employment. 14(b) provides as follows:

"(b) In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under sec-

tion 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: *Provided,* That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority."

■ Pennsylvania is a state with a law prohibiting age discrimination in employment, the Pennsylvania Human Relations Act, 43 P.S. 951 et seq. Pennsylvania has also established a state agency with authority to grant or seek relief from discriminatory practices, the Pa. H.R.C. 43 P.S. 956 et seq. Therefore, plaintiffs are required to seek relief from the Commission before prosecuting an action for age discrimination in this court. *Goger v. H. K. Porter Co., Inc.,* 492 F.2d 13 (3d cir. 1974).

Pennsylvania law requires that a discrimination claim be filed with the Pa. H.R.C. within ninety days of the alleged unlawful practice. 43 P.S. 959. Thus, there are three statutes of limitation applicable to the case at hand: (1) the ninety-day period for filing with the Pa. H.R.C., (2) the shorter one hundred and eighty-day period for filing a notice of intent to sue with the Secretary under 626(d)(1) and (3) the longer three hundred-day period under 626(d)(2), where 633(b) applies.

For the purposes of the instant motion, the court assumes that plaintiffs notified the Department of Labor of their intention to file suit on October 24, 1975.[1] Thus, plaintiffs appear to have complied with 626(d) by filing their notice with the Secretary well within the shorter one hundred and eighty-day federal period. The court now considers whether there has been compliance with 633(b) as a prerequisite to the present action.

### (II) Compliance with 633(b)

Plaintiffs did attempt to file a complaint with the Pa. H.R.C. but that complaint was rejected because it was filed on October 17, 1975, more than ninety days after plaintiffs' termination of employment on June 30, 1975. The question presented is whether the filing of a complaint with the state agency after the running of the ninety-day state statute of limitations, but within the shorter federal period, is sufficient to comply with 633(b).

Defendant contends that plaintiffs' failure to file a timely complaint with the Pa. H.R.C. is a jurisdictional defect which bars any action in this court. Plaintiff maintains that Section 14(b) requires only that an action be "commenced" before the state agency and that there is no requirement that any proceedings actually take place prior to a federal action. Therefore, plaintiffs argue that when the complaint was rejected by the Pa. H.R.C. the proceedings were both commenced and terminated and the requirement of 633(b) was satisfied. After reviewing the relevant cases cited by the parties, the court concludes that plaintiffs have complied with 633(b) in this case.

The issue raised here has not been resolved by the Third Circuit in its decisions construing the procedural requirements under the Act. In *Goger v. H. K. Porter Co., Inc.,* 492 F.2d 13 (3d cir. 1974), the court held only that 633(b) required a plaintiff to seek relief from the appropriate state agency before initiating a suit in federal court. The court there stated:

"We agree with the district court, however, that although the Act does not re-

---

1. While mindful of the Third Circuit's admonition that statements of counsel in briefs are not evidence, *Braden v. University of Pittsburgh,* 477 F.2d 1 (3d cir. 1973), the court accepts for the purpose of this motion only plaintiffs' state-ment in their brief that notice was given to the Secretary on October 24, 1975. Defendant, of course, will have the opportunity to contest this notice if discovery reveals that plaintiffs did not comply with 626(d) of the Act.

quire an aggrieved person to exhaust state remedies as a condition precedent to the institution of a federal suit, it does require that the State be given a threshold period of sixty days in which it may attempt to resolve the controversy, normally by voluntary compliance."

In *McGarvey v. Merck & Co., Inc.,* 359 F.Supp. 525 (D.N.J.1973), vacated without opinion, 493 F.2d 1401 (3d cir.), cert. den. 419 U.S. 836, 95 S.Ct. 64, 42 L.Ed.2d 63 (1974), the district court held with regard to this requirement:

"Thus, it is the opinion of this court that where substantial relief against alleged age discrimination is available under state law, 29 U.S.C. 633(b) requires the person aggrieved to pursue state remedies prior to filing a complaint with this court."

Finally, in the recent case of *Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834 (3d cir. 1977), the third circuit followed its holding in *Goger* and noted that resort to state remedies was a jurisdictional requirement. These cases provide that a plaintiff must begin proceedings before the appropriate state agency without requiring that remedies under state law be exhausted. The court does not make clear, however, whether the filing of an untimely complaint can satisfy the requirements of 633(b).

Four cases recently decided in the Eastern District of Michigan do deal with the precise question raised in this case. In *Bertsch v. Ford Motor Co.,* 415 F.Supp. 619 (E.D.Mich.1974), plaintiff failed to file his age discrimination complaint with the Michigan Civil Rights Commission within the ninety-day period provided by state law, although it was filed within the shorter federal period. The court denied a motion to dismiss for failure to comply with 633(b). The court held that the state limitations period should generally be enforced; however, where it was substantially shorter than the federal period compliance would not be a mandatory precondition to suit. The court found with respect to the shorter federal period that:

"The shorter of the two federal limitations periods represents the judgment of Congress as to the proper balance between the time reasonably required by the employee to prepare and file a claim of discrimination, and protection of the employer from a stale claim."

It also reasoned that the use of the state period as an absolute bar would frustrate plaintiffs in their attempt to seek relief under the Act.

In *Magalotti v. Ford Motor Co.,* 418 F.Supp. 430 (E.D.Mich.1976) the court held that an untimely complaint under state law commenced proceedings within the meaning of 633(b) and allowed the plaintiff to proceed with his federal claim. The court relied heavily upon the last sentence of 633(b):

"If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority."

The court in *Magalotti* found that the ninety-day statutory period was an additional requirement for commencing an action beyond the "filing of a written and signed statement of the facts upon which the proceeding is based".

*Nickel v. Shatterproof Glass Corp.,* 424 F.Supp. 884 (E.D.Mich.1976) follows the rationale of *Bertsch* and *Magalotti* in allowing a plaintiff to proceed even though he has filed an untimely complaint under state law. The court in *Nickel* found that when the complaint in that case was filed and the state agency refused to act, the proceedings were both commenced and terminated for purposes of 633(b). The court noted that to bar a plaintiff from a federal remedy because of failure to comply with a state statute of limitations would have the effect of giving less protection against discrimination to a plaintiff living in a state that had passed anti discrimination legislation. A

plaintiff residing in Pennsylvania must file within ninety days, whereas a plaintiff in a state lacking this legislation can take up to one hundred and eighty days without running afoul of the statute.

*Gabriele v. Chrysler Corp.,* 416 F.Supp. 666 (E.D.Mich.1976), the other case raising this factual pattern, dismissed plaintiff's complaint for lack of jurisdiction, holding that to do otherwise would allow a plaintiff to bypass the state agency and have three hundred days in which to file an action.

 This court agrees with the reasoning of the decisions in *Bertsch, Magalotti* and *Nickel.* 633(b) requires only that proceedings be "commenced" before the state agency. By analogy, Rule 3 FRCP provides that "a civil action is commenced by filing a complaint with the court". Here, plaintiff commenced his action with the Pa. H.R.C. on October 17, 1975, with the filing of his complaint. When the Commission rejected the complaint at that time as untimely, the proceedings were both commenced and terminated for purposes of 633(b) and plaintiffs were free to begin an action in this court after the expiration of sixty days. The court believes that to hold otherwise would allow the state statute of limitations to frustrate plaintiffs in their attempt to utilize the federal remedy against age discrimination in employment.

The case of *Bonham v. Dresser Industries,* 424 F.Supp. 891 (W.D.Pa.1976, McCune, J.) cited by defendant is distinguishable from the case at hand. In *Bonham,* plaintiff not only failed to file a complaint with the Pa. H.R.C. within ninety days, but also failed to file within the one hundred and eighty-day federal period. Judge McCune dismissed the complaint for lack of jurisdiction but implied that his ruling might not apply where, as here, a plaintiff had filed with the state agency at least within the one hundred and eighty-day period. 424 F.Supp. 891 fn. 34.

For the reasons outlined above, we hold that plaintiffs have complied with the requirements of 633(b) and are entitled to proceed with their action filed in this court.

Therefore, defendant's motion to dismiss must be denied.

An appropriate order will be entered.