Clement GABRIELE, Plaintiff-Appellant,

v.

CHRYSLER CORPORATION,
Defendant-Appellee.

No. 76–2265.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 2, 1978.
Decided April 7, 1978.

**950**

William D. Haynes, V. Paul Donnelly, Haynes & Donnelly, Detroit, Mich., for plaintiff-appellant.

Keith A. Jenkins, William S. Hurst, Detroit, Mich., for defendant-appellee.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

CELEBREZZE, Circuit Judge.

Plaintiff-appellant Clement Gabriele, a former employee of defendant-appellee Chrysler Corporation, filed an action in the district court alleging that his employment was terminated on the basis of age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–34. The district court granted Chrysler's motion for summary judgment based upon Gabriele's failure to timely file an age discrimination complaint with the Michigan Civil Rights Commission (MCRC). 416 F.Supp. 666 (E.D.Mich.1976). The principal issue raised on appeal is whether timely resort to an agency charged with enforcement of state age discrimination laws is a prerequisite to filing suit under the ADEA in federal court.[1] We hold that the ADEA imposes no such prerequisite and reverse the judgment.

Gabriele was employed by Chrysler as an engineer from 1965 until he was laid off on May 9, 1975. On August 15, 1975, he filed a complaint with the MCRC alleging age discrimination.[2] On September 3, 1975, he was informed by the MCRC that it could not accept the complaint since it was not filed within ninety days of the alleged discriminatory act, as then required by Michigan

---

1. This Court expressly declined to resolve this issue in *Rucker v. Great Scott Supermarkets,* 528 F.2d 393, 394 (6th Cir. 1976).

2. Michigan is a so-called "deferral state" in terms of 29 U.S.C. § 633(b) since it "has a law prohibiting discrimination in employment because of age," Mich.C.L.A. § 37.2202(1)(a), *replacing* Mich.C.L.A. § 423.303a(a), and the

MCRC is authorized "to grant or seek relief from such discriminatory practice," Mich.C.L.A. § 37.2602(c)–(d), *replacing* Mich.C.L.A. § 423.307(a). *Eklund v. Lubrizol Corp.,* 529 F.2d 247, 250 n.4 (6th Cir. 1976); *Rucker v. Great Scott Supermarkets,* 528 F.2d 393, 394 n.3 (6th Cir. 1976).

law.[3] On November 6, 1975, he filed an action in the district court, alleging that the sixty-day advance notice of intent to sue, required by 29 U.S.C. § 626(d), had been given to the Secretary of Labor, which Chrysler does not contest. Thus, the notice to the Secretary of Labor was necessarily given within the 180-day period set forth in 29 U.S.C. § 626(d)(1).[4]

The district court held that this largely uncontested procedural history deprived it· of jurisdiction since it read 29 U.S.C. § 633(b)[5] as mandating prior resort to an appropriate state agency before one could bring suit in federal court. It relied heavily upon cases which have held that provisions of the ADEA should be construed consist-

ently with parallel language in Title VII of the Civil Rights Act of 1964. Noting that 42 U.S.C. § 2000e–5(c),[6] a Title VII provision parallel to § 633(b), has usually been interpreted to require prior resort to an appropriate state agency before a charge can be filed with the Equal Employment Opportunity Commission (EEOC), the district court imposed a similar requirement on ADEA suits. The court also relied upon cases from this Court which it read as making a timely filing of notice of intent to sue with the Secretary of Labor, § 626(d), a jurisdictional prerequisite to an ADEA suit in federal court. The district court finally noted that Congress must have been aware that some states had shorter filing periods under their age discrimination laws than

3. Mich.C.L.A. § 423.307(b), *repealed by* P.A. 1976, No. 453, § 804, eff. March 31, 1977, which eliminates any statutory limit for filing with the MCRC, apparently leaving the issue to departmental regulations.

4. 29 U.S.C. § 626(d):
 No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
 (1) Within one hundred and eighty days after the alleged unlawful practice occurred, or
 (2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
 Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.
 Gabriele does not need the benefit of the extended period set forth in § 626(d)(2).

5. 29 U.S.C. § 633(b):
 In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: *Provided,* That such sixty-day period shall be extended to one hundred and

twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.

6. 42 U.S.C. § 2000e–5(c):
 In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority.

the 180-day federal period and must have tacitly approved them when enacting the ADEA. This was said to justify the holding that one must not only first file a complaint with the appropriate state agency, but that filing must also be timely under state law, in order to proceed in federal court. The district court was not persuaded by arguments that its holding effectively turned the state filing limit into the federal filing limit, even though the former was only one-half of the latter.

Our research discloses a Third Circuit Court of Appeals decision which addressed the narrow but important question presented herein. *Goger v. H. K. Porter Co.*, 492 F.2d 13 (3d Cir. 1974).[7] In *Goger*, relied upon by the district court, the court held that although § 633(b)

> does not require an aggrieved person to exhaust state remedies as a condition precedent to the institution of a federal suit, it does require that the State be given a threshold period of sixty days in which it may attempt to resolve the controversy, normally by voluntary compliance.

*Id.* at 15.

Its *ratio decidendi* was that § 633(b) was nearly identical to 42 U.S.C. § 2000e–5(c) and courts have repeatedly interpreted the latter as requiring that appropriate state agencies be given a prior opportunity to consider discrimination complaints before resorting to the federal courts. *Id.* at 15–16 (footnote omitted).

The court could not find anything in the ADEA's legislative history to justify a different interpretation of § 633(b). The court held, however, that equitable considerations in that case excused the plaintiff's failure to resort to the appropriate state agency and the case was remanded to the district court for a hearing on the merits.[8]

Judge Garth filed a concurring opinion in *Goger* in which he agreed that the case should be remanded for consideration of the merits of the complaint. He disagreed, however, that § 633(b)'s similarity to 42 U.S.C. § 2000e–5(c) mandated construing the two statutes similarly. He concluded "there is no requirement that a plaintiff must first attempt to utilize available state remedies before filing suit under the 1967 Act." *Id.* at 17. He approved the position taken there by the Secretary of Labor as *amicus curiae* that resort to a state agency is completely optional and that § 633(b)'s sixty-day waiting period applies only *if* one has chosen to pursue state relief.[9]

---

7. *Goger* was followed in *Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 834, 843–44 (3d Cir. 1977), *cert. den.*, —— U.S. ——, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978).

 The issue was discussed but not decided in *Hadfield v. Mitre Corp.*, 562 F.2d 84, 87–88 (1st Cir. 1977).

 Many district courts have addressed the issue. *E. g., Nickel v. Shatterproof Glass Corp.*, 424 F.Supp. 884 (E.D.Mich.1976) (Joiner, J.) (timely state filing not required); *Smith v. Jos. Schlitz Brewing Co.*, 419 F.Supp. 770 (D.N.J.1976) (state filing not required); *Bertrand v. Orkin Exterminating Co.*, 419 F.Supp. 1123 (N.D.Ill. 1976) (dictum suggesting state filing not required); *Magalotti v. Ford Motor Co.*, 418 F.Supp. 430 (E.D.Mich.1976) (Feikens, J.) (timely state filing not required); *Fitzgerald v. New England Tel. & Tel. Co.*, 416 F.Supp. 617 (D.Mass.1976) (state filing required); *Bertsch v. Ford Motor Co.*, 415 F.Supp. 619 (E.D.Mich. 1976) (Pratt, J.) (state filing generally required but timely federal filing supports action); *Vazquez v. Eastern Air Lines, Inc.*, 405 F.Supp. 1353 (D.P.R.1975) (state filing not required); *Skoglund v. Singer Co.*, 403 F.Supp. 797 (D.N. H.1975) (timely state filing not required); *Vaughn v. Chrysler Corp.*, 382 F.Supp. 143 (E.D.Mich.1974) (Kaess, J.) (state filing required but subject to equitable consideration); *McGarvey v. Merck & Co.*, 359 F.Supp. 525 (D.N.J.1973), *vacated without opinion*, 493 F.2d 1401 (3d Cir.), *cert. den.*, 419 U.S. 836, 95 S.Ct. 64, 42 L.Ed.2d 63 (1974) (state filing required). *See* Annot., 24 A.L.R.Fed. 808, § 3[c].

8. The court's remand indicates that it did not consider prior resort to a state agency jurisdictional in the sense that absent such fact the district court would not have power to hear the case. Rather, it considered this requirement a statutory condition precedent to suit in federal court, subject to equitable considerations. *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 194 (3d Cir. 1977).

9. The Secretary of Labor as *amicus curiae* has taken the same position in this appeal.

We agree with the reasoning of Judge Garth in *Goger* and reject the holding of the majority in that case.[10]

■ This Court has recognized the parallels between the ADEA and Title VII of the Civil Rights Act of 1964 but has also cautioned against blindly applying Title VII reasoning and results to ADEA cases. *Laugesen v. Anaconda Co.,* 510 F.2d 307, 311–12 (6th Cir. 1975). Transferring the construction of 42 U.S.C. § 2000e–5(c) to § 633(b) is particularly inappropriate.[11] The two statutes are indeed very similar but neither is explicit on the question of whether resort to the appropriate state agency is required before beginning federal action. Most courts that have read § 2000e–5(c) as requiring such prior resort have done so because Title VII's legislative history is very clear on that point. *Dubois v. Packard Bell Corp.,* 470 F.2d 973, 975 (10th Cir. 1972); *Crosslin v. Mountain States Telephone & Telegraph Co.,* 422 F.2d 1028, 1030–31 (9th Cir. 1970), *vacated and remanded,* 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618 (1971); *EEOC v. Union Bank,* 408 F.2d 867, 869–70 (9th Cir. 1968); *Stebbins v. Nationwide Mutual Insurance Co.,* 382 F.2d 267, 268 (4th Cir. 1967), *cert. den.,* 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880 (1968); *Ethridge v. Rhodes,* 268 F.Supp. 83, 89 (S.D.Ohio 1967). There is no similar legislative history accompanying § 633(b), so the rationale behind the prevailing interpretation of § 2000e–5(c) simply does not apply to § 633(b). Indeed there is legislative history suggesting that § 633(b) should be construed differently than § 2000e–5(c). A committee report accompanying the ADEA states that § 633 "provides for *concurrent* Federal and State actions . . . ," H.R.

Rep.No. 805, 90th Cong., 1st Sess. (1967), *reprinted in* 1967 U.S.Code Cong. and Admin.News, pp. 2213, 2218 (emphasis added), indicating that complaints could originate in either state or federal fora.[12] This is, of course, far from a clear indication that Congress intended § 633(b) to be construed differently than § 2000e–5(c). Our review of the legislative history of the ADEA is only meant to point out the absence of the kind of clear legislative history supporting the construction generally given § 2000e–5(c), thus necessitating consideration of other factors to support our result.

The principal reason we perceive for construing § 633(b) differently than § 2000e–5(c) is found in the language of § 633(a).[13] That provision states that once action is commenced under the ADEA, it "supersede[s] any State action." Thus, even under Chrysler's view of this action, Gabriele could have totally cut off any state action he might have been required to initiate simply by waiting sixty days and beginning federal action. As Judge Garth said in *Goger,* we

> do not believe that it was the intent of Congress to require, prior to the institution of a Federal action, the commencement of a State proceeding which, under § 633(b), need not be concluded and which in any event would be superseded by the filing of the Federal action under § 633(a).

492 F.2d at 18.

Moreover, § 633(a) has no parallel in Title VII. Title VII also does not require exhaustion of state remedies but only the initiation thereof, *Crosslin v. Mountain States Tel. & Tel. Co.,* 422 F.2d 1028, 1031 n. 5 (9th Cir. 1970), but Title VII has no provi-

---

**10.** Comment, *Procedural Prerequisites to Private Suit Under the Age Discrimination in Employment Act,* 44 U.Chi.L.Rev. 457 (1977).

**11.** Note, *State Deferral of Complaints Under the Age Discrimination in Employment Act,* 51 Notre Dame Lawyer 492 (1976).

**12.** Portions of the ADEA were patterned after the Fair Labor Standards Act, further demonstrating that the ADEA was not meant to be a mirror-image of Title VII. H.R.Rep.No. 805,

90th Cong., 1st Sess. (1967), *reprinted in* 1967 U.S.Code Cong. and Admin.News, pp. 2213, 2218.

**13.** 29 U.S.C. § 633(a):

Nothing in this chapter shall affect the jurisdiction of any agency of any State performing like functions with regard to discriminatory employment practices on account of age except that upon commencement of action under this chapter such action shall supersede any State action.

sion for superseding state proceedings merely by beginning federal action. *Developments in the Law—Employment Discrimination and Title VII of the Civil Rights Act of 1964,* 84 Harv.L.Rev. 1109, 1212 (1971). The ADEA thus exhibits lesser deference to the states than does Title VII and gives us no compulsion to require state action as a prerequisite to an ADEA suit.

■ Another important distinction exists between § 633(b) and § 2000e–5(c). The latter states that "no charge may be filed" until after the sixty-day waiting period. This prevents all federal action during the waiting period, since filing of a charge with the EEOC is a prerequisite to a Title VII suit in federal court. The sixty-day period gives the appropriate state agency two months of exclusive jurisdiction over the discrimination allegation. Section 633(b), on the other hand, says "no suit may be brought" until after the sixty-day waiting period. This only prohibits the filing of a complaint in the district court and contemplates possible concurrent administrative action by the state agency and the Department of Labor. *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 194, n. 8 (3d Cir. 1977). The absence of a period of exclusive state jurisdiction under the ADEA is thus another indicia of lesser deference to the states under the ADEA than under Title VII. Again, this militates in favor of not requiring prior resort to a state agency before an ADEA suit in federal court.

■ Another reason for our conclusion is found in the general purposes of the ADEA. It is remedial legislation, designed "to promote employment of older persons based on their ability rather than age," 29 U.S.C. § 621(b), and is entitled to a liberal construction. *Moses v. Falstaff Brewing Corp.,* 525 F.2d 92, 93–94 (8th Cir. 1975); *Skoglund v. Singer Co.,* 403 F.Supp. 797, 801 (D.N.H.1975); *Woodford v. Kinney Shoe Corp.,* 369 F.Supp. 911, 914 (N.D.Ga.1973). The interpretation of § 633(b) by the district court puts an unnecessary burden on all age discrimination complainants and worked a draconian result in this case.[14] The need for quick dispute resolution is acute in the ADEA context since the very cause of the alleged discrimination, age, grows daily. An older person should be allowed to choose the quicker of the two available remedies and not be forced to first choose the state remedy if that would unduly impede a prompt resolution of his grievance.

■ Chrysler argues that the district court properly relied upon several of this Court's decisions requiring a timely filing of notice of intent to sue with the Secretary of Labor, § 626(d), as a prerequisite to suit in federal court. Initially, we express doubts about the correctness of the reading of those cases by both Chrysler and the district court.[15] But even if we accept the idea that

---

14. Even the Third Circuit, whence came *Goger,* does not require a timely state filing if the state period is shorter than the federal 180 days. It recognized that this improperly turned the state filing period into the federal filing period. *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 194 (3d Cir. 1977). Cf. *Davis v. Valley Distributing Co.,* 522 F.2d 827, 832–33 (9th Cir. 1975), cert. den., 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977); *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1232 (8th Cir. 1975) (both Title VII).

15. This Court's decisions construing § 626(d) have been cited, by Chrysler and others, for the proposition that a timely filing under § 626(d) is a strict jurisdictional prerequisite to suit in federal court. Close examination of those cases, however, reveals that that is not an accurate reading of them. The first case, *Hiscott v. General Electric Co.,* 521 F.2d 632, 633–

34 (6th Cir. 1975), did say that the notice requirement was "jurisdictional" but expressly refused to decide whether it could be treated like a statute of limitations which could be tolled or otherwise be subject to equitable considerations since the plaintiff's filing in *Hiscott* was not timely even if tolling doctrines were employed. The second case, *Ott v. Midland-Ross Corp.,* 523 F.2d 1367, 1370 (6th Cir. 1975), merely cited *Hiscott* for the proposition that the § 626(d) filing was "jurisdictional." The last two cases, decided by the same panel on the same day, also relied upon *Hiscott* for the notion that § 626(d)'s requirement was a jurisdictional prerequisite to suit in federal court. *Eklund v. Lubrizol Corp.,* 529 F.2d 247, 249 (6th Cir. 1976); *Rucker v. Great Scott Supermarkets,* 528 F.2d 393, 394 (6th Cir. 1976). Both cases recognized, however, that appropriate facts could warrant relief from § 626(d)'s

we have strictly construed § 626(d), that does not lead to a strict construction of § 633(b). The sections are meant to serve different purposes.

Chrysler finally argues that § 626(d)(2) precludes the result we reach here. That provision extends to 300 days, or thirty days after receipt of notification of termination of state proceedings, whichever is earlier, the time within which notice of intent to sue shall be filed with the Secretary of Labor. But it only does so "in a case to which section 633(b) . . . applies." Chrysler argues that if § 633(b) is interpreted to give an aggrieved person an option to commence either state or federal action then the "anomalous result" is that one who deliberately bypasses the state agency still gets the benefits of the extended filing period merely by virtue of being in a "deferral state." [16] This possible result may or may not be "anomalous" but we believe it is incorrect in any event. One obtains the benefits of the extended filing period in § 626(d)(2) *only* if he is in a "deferral state" *and* elects to use that state's mechanisms to attempt a conciliation of the grievance. *Cf. Skoglund v. Singer Co.,* 403 F.Supp. 797, 803 (D.N.H.1975). It is only if one uses time to let the state try its hand that he needs more time to notify the Secretary of Labor. Furthermore, any state filing need only be made within the minimum 180 days allowed for the federal filing, § 626(d)(1), in order to obtain the benefits of § 626(d)(2). *Cf. Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1232 (8th Cir. 1975) (Title VII). *Contra, Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 192 n. 5 (3d Cir. 1977). To require

the state filing to be timely under a shorter state period would improperly elevate state law over federal law. If the state filing is not timely under state law, presumably the complainant would not get the full 300 days to file with the Secretary of Labor since § 626(d)(2) also imposes a limit of within thirty days of receipt of notification of termination of state proceedings, if that is earlier than 300 days.[17] This will prevent undue manipulation of the filing limits by an aggrieved person.

Chrysler contends that this interpretation of §§ 633(b) and 626(d)(2) amounts to "judicial legislation." We disagree. Congress stated in § 626(d)(2) that the extended filing period applies only in cases "to which Section 633(b) . . . applies" and our construction of § 633(b) is that it does *not* apply if an aggrieved person does not elect to proceed with available state remedies. This is far from "judicial legislation" but rather is a judicial harmonization of a statutory package which is admittedly less than a model of clarity. This is a proper function for courts and one we are called upon to perform regularly.

 We determine that 29 U.S.C. § 633(b) does not require prior resort to an available state agency as a prerequisite to an ADEA suit in federal court. Rather, it gives an aggrieved person the option of pursuing state remedies. If that option is elected, then the state agency must be given the required sixty days to attempt to reconcile the dispute before a suit can be filed in federal court, unless state proceed-

specific requirements. 529 F.2d at 250; 528 F.2d at 395. *See also* the opinions of then Judge, now Solicitor General, McCree in each case. 529 F.2d at 250–51 (dissenting, on the grounds that equitable relief was warranted); 528 F.2d at 395 (concurring, on the grounds that equitable relief was not warranted.) This demonstrates that these decisions use the term "jurisdictional" in the loose sense that § 626(d)'s requirements are a condition precedent to suit in federal court and not in the strict sense that non-compliance deprives the district court of power to hear the case. *Dartt v. Shell Oil Co.,* 539 F.2d 1256, 1259–61 (10th Cir. 1976), *aff'd by an equally divided court,* 429 U.S. 1089, 97 S.Ct. 1097, 51 L.Ed.2d 534 (1977).

*Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 192 (3d Cir. 1977). *Cf. Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 928 (5th Cir. 1975) (Title VII). *But cf. Powell v. Southwestern Bell Tel. Co.,* 494 F.2d 485, 487–89 (5th Cir. 1974).

16. See note 2, *supra.*

17. One obviously always has 180 days to notify the Secretary of Labor, pursuant to § 626(d)(1), even if § 626(d)(2) is applicable and thirty days elapse after he receives notice of termination of state proceedings before the 180 day period expires.

ings are earlier terminated.[18] The election of first pursuing state remedies, permitted at any time within 180 days of the alleged discriminatory practice, is also required to take advantage of the extended filing period set forth in § 626(d)(2) regarding the notice of intent to sue given to the Secretary of Labor. If an aggrieved person does not elect to pursue available state remedies, then he may bring suit directly in federal court, subject to the sixty-day notice provision of § 626(d).[19]

The judgment of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion.

LIVELY, Circuit Judge, concurring.

I concur in the result, but am unable to accept all of the reasoning of the majority opinion. In particular, I am not persuaded that the legislative history of ADEA leads to the conclusion that a complainant in a "deferral state" may elect to begin an action in federal court without any resort to the state agency. The majority quotes a fragment from the House Report in support of this determination. However, when read in its entirety, the paragraph from which that quotation is taken leads me to the opposite conclusion. That paragraph reads:

Federal-State relationship

Section 14 provides for concurrent Federal and State actions, except that in States having laws prohibiting discrimination in employment because of age, no suit may be brought under this act before the expiration of 60 days after proceedings have been commenced under the State law (120 days during the first year after the effective date of the State law), unless such proceedings have been earlier terminated, and commencement of an action under this act shall be a stay on any State action previously commenced.

H.R.Rep.No. 805, 90th Cong., 1st Sess. (1967), *reprinted* in 1967 U.S.Code Cong. and Admin.News 2213, 2218–19.

The language following the word "except" in the above quotation denotes a Congressional deference to state agencies. This language, together with the "superseding clause" cited by the majority, 29 U.S.C. § 633(a), establishes a procedure under which a complainant in a deferral state must first initiate proceedings with the state agency, giving that agency 60 days in which to attempt a solution by conciliation, but is not required to continue to pursue state remedies after the expiration of that period. Such a construction is compatible with expressed Congressional concerns for harmonious state-federal regulations in the national enterprise of eliminating unlawful discrimination in employment practices. Statements of these concerns abound in the legislative history of both Title VII and ADEA.

However, untimely resort to the state agency for attempted conciliation should not deprive a claimant of his right to seek relief in a federal court where the state allows less than 180 days for filing. I would adopt the following language from the Third Circuit's opinion in *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187 (3d Cir. 1977):

We do not think that is was the intent of Congress to allow states to shrink the federal remedy for age discrimination by imposing limitation periods shorter than the federal ones. If compliance with Pennsylvania's 90-day filing period is deemed a jurisdictional condition precedent to suit under the ADEA, the federal 180-day limitations period becomes 90 days for residents of Pennsylvania, and the availability of the federal remedy is seriously undermined. *Cf. Olson v. Rembrandt Printing Co.,* 511 F.2d 1228 (8th Cir. 1975) (Title VII). Moreover, any eq-

---

**18.** If a suit is filed before the expiration of the sixty-day period, the district court need not dismiss the complaint but should hold the case in abeyance for the requisite period of time. *Cf. Mitchell v. Mid-Continent Spring Co.,* 466 F.2d 24, 26–27 (6th Cir. 1972), *cert. den.,* 410

U.S. 928, 93 S.Ct. 1363, 35 L.Ed.2d 589 (1973) (Title VII).

**19.** See notes 4 & 15, *supra,* concerning when that notice must be filed with the Secretary of Labor.

uitable grounds for relaxing the federal limitations period would evaporate if not recognized by the state.

We do not hold that the mere existence of a state limitations period which is shorter than the federal one relieves a plaintiff of his obligation to bring his complaint to the attention of the state authorities. Rather, we hold only that if plaintiff files his complaint with the state agency within the federal 180-day period, the state's conclusion that the filing is untimely under state law will not bar the federal suit. We think this rule is in accord with Congressional intention, consistent with *Goger* and *Rogers,* and compelled by our conclusion that the federal 180-day requirement is itself in the nature of a statute of limitations and subject to equitable modification.

569 F.2d at 194 (footnote omitted).