**Charles RUCKER, Plaintiff-Appellant,**

**v.**

**GREAT SCOTT SUPERMARKETS, a Michigan Corporation, Defendant-Appellee.**

**No. 75–1227.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 8, 1975.

Decided Jan. 21, 1976.

V. Paul Donnelly, Detroit, Mich., for plaintiff-appellant.

Steven J. Fishman, Laurence A. Berg, Friedman, Meyers & Keys, Detroit, Mich., for defendant-appellee.

Before CELEBREZZE and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

Appellant, an employee of Appellee since 1966, was discharged on March 30, 1974. On the date of discharge Appellant was fifty-nine years old. On May 13, 1974, Appellant's counsel wrote the Secretary of Labor to notify the Secretary of his intention to file suit on

Appellant's behalf under the Age Discrimination in Employment Act of 1967[1] (hereinafter referred to as either "ADEA" or the "Act"). On May 15, 1974, Appellant's counsel filed this action in District Court. The District Court concluded that it lacked jurisdiction because of Appellant's failure to pursue state administrative remedies prior to filing a federal action. Appellant brings this appeal.[2]

Appellant makes two arguments, first, that prior resort to state remedies is not a jurisdictional prerequisite to filing a federal age discrimination action and second, even if prior resort to state remedies is a prerequisite to utilization of the ADEA, this is a proper case for equitable relief. Section 633(b) of the Act states, inter alia:

> (b) In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated
>
> . . . .

The District Court quoted the portion of § 633(b) which is quoted above. The Court then noted that Michigan has both a statute prohibiting age discrimination and an agency authorized to enforce that statute.[3]

The District Court analogized the requirements in § 633(b) to the virtually identical requirements contained in § 2000e–5(c) of the Civil Rights Act of 1964. The Supreme Court in *Love v. Pullman*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), concluded that § 2000e–5 required that the appropriate state agency be afforded an opportunity to consider a racial discrimination claim before a charge is filed with the Equal Employment Opportunity Commission. The District Court adopted the reasoning of the *Love* line of cases and concluded that § 633(b) required similar prior resort to the appropriate state age discrimination agency.

We need not reach Appellant's § 633(b) argument. In *Eklund v. Lubrizol Corp.*, 529 F.2d 247 (6th Cir. 1975), issued today, we reaffirmed our recent holding in *Hiscott v. General Electric Company*, 521 F.2d 632 (6th Cir. 1975), that the notice requirements of § 626(d) of the ADEA are jurisdictional prerequisites to filing an action under the Act. The relevant portion of § 626(d) provides:

> No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action.

---

1. 29 U.S.C. § 621 *et seq.* (1970).

2. Two weeks after oral argument before this Court, the United States Department of Labor submitted an out-of-time amicus curiae brief. The brief was a Xerox copy of an amicus brief filed by the Secretary in a similar action scheduled for oral argument before the First Circuit in February, 1976. This Court has procedures for securing permission to file an out-of-time brief, the Secretary failed to utilize these procedures. Were we to treat the Secretary's submission as a motion for permission to file an out-of-time amicus brief, we would deny that motion because the Secretary states that Appellant took a position similar to that which would have been urged by the Secretary but failed to present that position in its "best light." This would *not* be sufficient reason to burden the Court with a lengthy amicus brief and the reply brief it would engender. We therefore do not consider the Secretary's brief.

3. Michigan Compiled Laws, Section 423.‑303a(a), provides in part as follows:
   "Sec. 3a. It is unfair employment practice: (a) For any employer, because any individual is between the ages of 18 and 60 . . . to refuse to hire or otherwise to discriminate against him with respect to hire, tenure, terms, conditions or privileges of employment . . . ."
   Michigan Compiled Laws, Section 423.‑307(a), provides in part as follows:
   "The commission is empowered and directed, as hereinafter provided, to prevent any person from engaging in unfair employment practices."

A review of the Record in this case indicates that Appellant's counsel sent the Secretary a letter affording notice of intent to sue only two days before an action under the ADEA was filed in federal court. The Secretary did not acknowledge receipt of the notice until two weeks after the action was filed.

Appellant's failure to afford the Secretary sixty days' notice of his intent to sue requires this Court to affirm the dismissal of Appellant's action unless the special facts of the case warrant the granting of equitable relief.

Appellant contends that this is a proper case for equitable relief. Appellant argues that he made a good faith effort to comply with the notice provisions of the Act, that he complied with § 626, and that this should be enough to merit access to the federal courts. As we noted above, Appellant clearly did not comply with § 626 and this argument must be summarily rejected. The judgment of the District Court is affirmed.

McCREE, Circuit Judge (concurring).

I concur in the result reached here, for although the majority opinion affirms the dismissal of appellant's age discrimination suit because of his failure to comply with the requirement of section 626(d) that he give the Secretary of Labor 60 days notice of his intent to file suit, it also recognizes that:

> Appellant's failure to afford the Secretary sixty day's notice of his intent to sue requires this Court to affirm the dismissal of Appellant's action *unless the special facts of this case warrant the granting of equitable relief.* [Emphasis added.]

As I stated in my dissenting opinion in *Eklund v. Lubrizol Corp.*, 529 F.2d 247 (6th Cir. 1975), the requirements of section 626(d) are not jurisdictional in the sense that noncompliance with them deprives a court of its power to entertain a suit. In a proper case substantial compliance with the statutory preconditions to suit is sufficient. However, because there were no exceptional circumstances justifying equitable relief here, the district court properly dismissed appellant's suit.