**William PAXTON, Plaintiff,**

v.

**LANVIN–CHARLES OF THE RITZ, INC., Defendant.**

**No. 77 Civil 28.**

United States District Court, S. D. New York.

July 20, 1977.

Peter G. Eikenberry, New York City, for plaintiff; Frederick U. Fierst, New York City, of counsel.

Vedder, Price, Kaufman, Kammholz & Day, New York City, for defendant; Ronald M. Green, New York City, of counsel.

EDWARD WEINFELD, District Judge.

This is a suit brought under the Age Discrimination Act[1] in which plaintiff, Wil-

liam Paxton, alleges that his former employer, Lanvin-Charles of the Ritz, Inc. ("Lanvin-Charles"), terminated his employment because of his age. The defendant moved to have the action dismissed on the ground that plaintiff failed to file a notice of his intent to sue with the Secretary of Labor within the time limits set forth in Title 29 U.S.C., section 626(d). The motion presents an issue of first impression in this Circuit.

Plaintiff was discharged from his position of regional sales manager on October 31, 1975. He filed a notice of his intent to sue with the Secretary on August 20, 1976, which was 294 days after his dismissal. On August 26, 1976, 300 days after his termination, plaintiff submitted a charge of employment discrimination to the New York State Division of Human Rights. This filing was timely under New York law, which requires a complaint to be filed within one year after an alleged discriminatory act.[2]

Lanvin-Charles contends that the plaintiff's actions failed to comply with section 626(d), which reads as follows:

No civil action may be commenced by any individual under this section until the individual has given the Secretary [of Labor] not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Section 633(b) contemplates that plaintiffs will utilize available state remedies before commencing a federal suit when an agency of the state in which the alleged discrimination occurred is empowered to grant or seek

---

1. 29 U.S.C. §§ 621–34.

2. N.Y.Exec.Law § 297(5) (McKinney 1972).

614

relief from such discrimination on behalf of the complainant. New York is the state in which Paxton was allegedly discriminated against, and under its laws, the Division of Human Rights is clearly authorized to press and resolve claims of age discrimination in employment.[3]

The present motion thus involves the application of section 626(d) when a plaintiff allegedly discriminated against in a state having an agency to deal with his claims (a "deferral state") files with the Secretary of Labor notice of his intent to sue (1) between 180 and 300 days after the alleged unlawful discrimination occurred, and (2) before the commencement of state proceedings.

■ The defendant argues that under section 626(d) a plaintiff cannot avail himself of the 300-day filing period applicable to deferral states unless he institutes proceedings with the appropriate state agency within 180 days of the claimed act of discrimination. In short, it claims that 180 days is the cut-off period in deferral states, regardless of the time allowed by such states for filing of agency claims. Lanvin-Charles stresses that an employer should not receive less timely notice of claims simply because a claimant resides in a deferral state. In addition, it contends that Congress, in passing section 626, never intended to discriminate against residents of non-deferral states by requiring them to file claims within 180 days of alleged discrimination, yet granting claimants in deferral states a full 120 extra days in which to take some action on their complaints.

■ The defendant's position finds no support in the language of section 626(d), which quite clearly extends the 300-day filing period to claimants in deferral states. If Congress had intended to place a limitation on the operation of subsection 2 of section 626(d) of the sort propounded by

Lanvin-Charles, it could readily have done so in explicit terms. Yet no such limitation was enacted, and there is no indication in the legislative history of the statute that Congress intended one to be inferred. Under such circumstances, the Court is not warranted in engaging in judicial redrafting of a statute to achieve what a litigant believes to be a desirable policy objective.[4]

Lanvin-Charles asserts, however, that support for its argument is found in *Olson v. Rembrandt Printing Co.*,[5] a case arising under Title VII of the Civil Rights Act.[6] In *Olson,* the Court of Appeals for the Eighth Circuit held that 42 U.S.C., section 2000e–5(e), Title VII's provision dealing with giving notice of intent to sue, which is substantially identical to section 626(d), requires a claimant in a deferral state to institute state proceedings within the time for filing with the EEOC in a non-deferral state in order to avail himself of the extended period in which to file with the EEOC. Although cases under section 2000e–5(e) are clearly of some weight in interpreting section 626(d), the Court declines to follow *Olson* in the present instance.

First, *Olson* did not deal with the particular factual situation presented by the instant case. The plaintiff in *Olson* did not institute state proceedings until the state limitation period of ninety days had expired. In the present case, as previously noted, plaintiff filed a complaint with the New York Division of Human Rights within the one-year statutory period for doing so. In *Olson,* the policy of encouraging exhaustion and utilization of state remedies would not have been served by allowing the plaintiff to take advantage of the deferred filing provisions after failing to institute state proceedings within 180 days of the claimed discrimination, since by that time state law had barred his claim. Such is not the case here.

**3.** N.Y.Exec.Law §§ 296, 297 (McKinney 1972).

**4.** *Burns v. Alcala,* 420 U.S. 575, 580–81, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975); *Banks v. Chicago Grain Trimmers Ass'n,* 390 U.S. 459, 465, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968); *Kelly*

*v. United States,* 531 F.2d 1144, 1148–49 (2d Cir. 1976).

**5.** 511 F.2d 1228 (8th Cir. 1975).

**6.** 42 U.S.C. §§ 2000e to 2000e–17.

■ Second, the manifest purpose of the deferred filing provision of section 626(d) is to encourage the pursuit of state remedies. This policy is most fruitfully effected by giving full play to both the substantive and procedural aspects of state law, recognizing that the states themselves are best suited to direct and control proceedings before their own agencies. In the absence of a clear statutory directive, a federal court should hesitate to impose restrictions on a plaintiff's recourse to state agencies or to limit the availability of a federal forum when, in fact, state procedures have been utilized. The congressional interests postulated, but not documented, by the defendant are adequately provided for by the express terms of section 626(d), and no violence need be done to the language of the section to accommodate such interests. At the outside, a plaintiff must file his notice of intent within 300 days after the accrual of his claim; this period provides for more than adequate notice, and, indeed, requires that notice be filed more than a year before the expiration of the statute of limitations.[7] Moreover, the fact that a state procedure for dealing with complaints exists is sufficient to justify congressional extension of the time within which a plaintiff must act on his complaint.

Finally, although no direct precedent exists in this circuit, there is ample authority for rejecting the approach taken by the court in *Olson*. In *Doski v. M. Goldseker Co.*,[8] the Court of Appeals for the Fourth Circuit held that under Title VII there is no requirement that "a charge be filed with [a] state agency within 180 days when state law allows a longer time."[9] Similarly, in *De Gideo v. Sperry-Univac Co.*,[10] the court commented that

the *Olson* rule does not take into account the situation where the state limitation period is longer than 180 days. For example, if the state period is 210 days and a complainant files a charge with a state agency within 200 days, then he would be entitled to the benefit of the extended filing period.[11]

As noted, the cases arising under Title VII's analog to section 626(d) are pertinent to the proper construction of that section. The better-reasoned cases under Title VII, the clear language of section 626(d) and the policy underlying the deferred filing provisions of the Age Discrimination Act support the conclusion that a complainant in a deferral state may avail himself of the 300-day filing period of section 626(d) without having commenced state proceedings within 180 days of the claimed discrimination, at least when his charge of discrimination filed with a state agency was timely under state law.

■ There remains for consideration Lanvin-Charles' claim that the Court lacks jurisdiction because plaintiff filed his notice of intent to sue with the Secretary of Labor prior to instituting state agency proceedings. Again, however, plaintiff has complied with the clear language of the Act, which does not require a complainant to institute state proceedings before giving the Secretary notice, but only mandates that the relevant state agency be given the first opportunity to act on the complaint.[12] Indeed, the defendant has failed to advance any principled basis for reading into the Act a time relationship between applying to a state agency for relief and notifying the Secretary of an intention to sue.

The motion to dismiss is accordingly denied.

---

7. 29 U.S.C. § 626(e) applies the two-year statute of limitations of 29 U.S.C. § 255 to actions under the Age Discrimination Act.

8. 539 F.2d 1326 (4th Cir. 1976).

9. *Id.* at 1331, *quoting Williamson v. Chevron Research Co.*, 12 FEP Cases 96 (N.D.Cal.1976).

10. 415 F.Supp. 227 (E.D.Pa.1976).

11. *Id.* at 231 n.9; *see EEOC v. Delaware Trust Co.*, 416 F.Supp. 1040, 1046 n.13 (D.Del.1976) (dicta).

12. 29 U.S.C. §§ 626(d), 633(b); *Magalotti v. Ford Motor Co.*, 418 F.Supp. 430, 434–35 (E.D. Mich.1976); *Fitzgerald v. New England Tel. & Tel. Co.*, 416 F.Supp. 617, 619 (D.Mass.1976).