Keith DOW, Plaintiff,

v.

AMERICAN MOTORS CORPORATION, a corporation, Defendant.

Civ. A. No. 76–C–787.

United States District Court, E. D. Wisconsin.

Dec. 9, 1977.

Terry W. Rose, Kenosha, Wis., for plaintiff.

Herbert P. Wiedemann and Barbara J. Fick, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On November 26, 1976, the plaintiff Keith Dow commenced this action under 29 U.S.C. § 623 for age discrimination. The defendant moved to dismiss the complaint on the grounds that the plaintiff failed to comply with the jurisdictional prerequisites to an action under 29 U.S.C. § 623. For the reasons hereinafter stated, the defendant's motion is denied.

Title 29 U.S.C. § 623(a) makes it unlawful for an employer to discriminate against an employee because of his age. Section 626(d) requires that the Secretary of Labor be given sixty days' notice of an employee's intent to sue. Section 633(b) requires that a plaintiff first seek relief through a state authority, if such authority exists, before an action may be commenced under § 623.

In response to the motion to dismiss, the plaintiff filed briefs, affidavits, and exhibits with the court establishing that the requirement of § 633(b) has been met and contending that he had substantially complied with § 626(d).

The plaintiff gave notice of his intent to sue to the Department of Labor by letter dated September 29, 1976. By letter dated October 4, 1976, the Department acknowledged receipt of notice. By letter dated October 22, 1976, the Department informed the plaintiff that it had unsuccessfully attempted to informally resolve the dispute with the defendant. The defendant contends that since § 626(d) is a jurisdictional requirement, it must be alleged in the complaint and cannot be "substantially complied" with. The plaintiff contends that the affidavits should be treated as amendments to the complaint and that substantial compliance is recognized by *Rucker v. Great*

*Scott Supermarkets,* 528 F.2d 393 (6th Cir. 1976).

In *Rucker,* the Court affirmed the order of the district court dismissing the complaint for failure to satisfy the 60-day notice requirement of § 626(d). However, in so affirming, the Court stated at page 395:

> "Appellant's failure to afford the Secretary sixty days' notice of his intent to sue requires this Court to affirm the dismissal of Appellant's action unless the special facts of the case warrant the granting of equitable relief."

The Court finds that the plaintiff has demonstrated that special facts warrant equitable relief. The purpose of providing the Secretary with 60 days' notice is to enable him to "promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(d). The Secretary received either 58 or 53 days' notice, depending on which party's interpretation is accepted. As demonstrated by the letter of October 22, 1976, the Department was able to attempt to eliminate the allegedly unlawful practice through informal methods, thereby achieving the statutory purpose of the notice requirement. For the Court to grant the defendant's motion under these facts would be inequitable.

The plaintiff has requested that the affidavits submitted in opposition to the motion to dismiss be considered an amendment to his complaint. Rule 15 requires the Court to freely grant leave to amend a pleading when justice so requires. To deny the plaintiff leave to amend his complaint to include the necessary jurisdictional allegations at this stage of the proceedings would, in effect, prohibit him from continuing with this action despite the Court's ruling that he has met the jurisdictional requirements.

For the foregoing reasons,

IT IS ORDERED that the defendant's motion to dismiss the complaint is denied.

IT IS FURTHER ORDERED that the plaintiff amend his complaint within fourteen days of the filing date of this order to include the appropriate jurisdictional allegations under 29 U.S.C. §§ 626(d) and 633(b).