Clement GABRIELE, Plaintiff-Appellant,

v.

CHRYSLER CORPORATION,
Defendant-Appellee.

No. 76–2265.

United States Court of Appeals,
Sixth Circuit.

Aug. 30, 1979.

William D. Haynes, V. Paul Donnelly, Haynes & Donnelly, Detroit, Mich., for plaintiff-appellant.

Clement Gabriele, pro se.

Keith A. Jenkins, William S. Hurst, Detroit, Mich., for defendant-appellee.

Before EDWARDS, Chief Circuit Judge, and CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM:

This court held in *Gabriele v. Chrysler Corp.*, 573 F.2d 949, 955 (6th Cir. 1978), "that 29 U.S.C. § 633(b) does not require prior resort to an available state agency as a prerequisite to an ADEA suit in federal court." *See also Simpson v. Whirlpool Corp.*, 573 F.2d 957 (6th Cir. 1978), *vacated and remanded* —— U.S. ——, 99 S.Ct. 2819, 61 L.Ed.2d 273 (1979), *on remand* 604 F.2d 997 (6th Cir. 1979). On petition for certiorari, the Supreme Court vacated our judgment and remanded for further consideration in light of *Ocar Mayer & Co. v. Evans*, 441 U.S. ——, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). *See* —— U.S. ——, 99 S.Ct. 2819, 61 L.Ed.2d 273 (1979).

The facts of this case are set forth in our prior opinion and need not be repeated here in detail. Gabriele filed an untimely complaint with the applicable state agency, which complaint was rejected, before commencing this age discrimination suit in federal court. We held that the untimely state complaint did not bar federal relief because Gabriele was not required to resort to state remedies at all and all that mattered was whether his federal action was timely.

In *Oscar Mayer* the Supreme Court stated:

"We hold that [§ 633(b)] mandates that a grievant not bring suit in federal court . . . until he has first resorted to appropriate state administrative proceedings. We also hold, however, that the grievant is not required by [§ 633(b)] to commence the state proceedings within time limits specified by state law." 441 U.S. at ——, 99 S.Ct. at 2070. "Section [633(b)] requires only that the grievant *commence* state proceedings." *Id.* at ——, 99 S.Ct. at 2073.

The plaintiff in *Oscar Mayer* had not commenced any state proceedings before filing his otherwise timely federal action.

The Supreme Court held that the appropriate response by the federal court, however, was not to dismiss the federal action but rather to hold the federal action in abeyance while the plaintiff filed a complaint with the state agency, even though the state complaint appeared to be clearly time-barred. The federal action could be resumed upon the dismissal of the state complaint or the passage of sixty days after its filing, whichever came first. *Id.* at ——, 99 S.Ct. 2066. In this regard, the Supreme Court expressly approved the response to a premature federal action outlined in our prior opinion. *See id.* at —— n. 13, 99 S.Ct. 2066, citing 573 F.2d at 956 n. 18.

Upon reconsideration in light of *Oscar Mayer* we reach the same result as we did originally but on a different rationale. *See* 573 F.2d at 956–57 (Lively, J., concurring). Gabriele's federal action was not barred because he had commenced state proceedings, albeit untimely. We must retreat from our earlier broader holding that commencing state proceedings was not required at all. In all other aspects not inconsistent with *Oscar Mayer,* we adhere to our prior opinion.

The judgment of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion. Costs taxed to defendant.