Lewis **SIMPSON**, Plaintiff-Appellant,

v.

**WHIRLPOOL CORPORATION,**
**Defendant-Appellee.**

**No. 76–2195.**

United States Court of Appeals,
Sixth Circuit.

Aug. 30, 1979.

James F. Clay, Sr., Clay & Clay, Danville, Ky., for plaintiff-appellant.

Ben L. Kessinger, Jr., Harbison, Kessinger, Lisle & Bush, Lexington, Ky., Charles J. Griffin, Seyfarth, Shaw, Fairweather & Geraldson, Ronald J. Hein, Jr., Chicago, Ill, for defendant-appellee.

Before CELEBREZZE, ENGEL and KEITH, Circuit Judges.

PER CURIAM.

This court held in *Simpson v. Whirlpool Corp.,* 573 F.2d 957 (6th Cir. 1978), that prior resort to an available state agency was not required by 29 U.S.C. § 633(b) as a prerequisite to a federal ADEA action. We relied upon our holding to that effect in *Gabriele v. Chrysler Corp.,* 573 F.2d 949 (6th Cir. 1978), *vacated and remanded* —— U.S.

——, 99 S.Ct. 2819, 61 L.Ed.2d 273 (1979), *on remand* 604 F.2d 996 (6th Cir. 1979). On petition for certiorari in this cause, the Supreme Court vacated our judgment and remanded for further consideration in light of *Oscar Mayer & Co. v. Evans,* 441 U.S. ——, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). *See* —— U.S. ——, 99 S.Ct. 2819, 61 L.Ed.2d 273 (1979).

Simpson appealed to this court from an order dismissing his ADEA suit on the grounds that he had failed to properly commence available state proceedings to attempt to resolve his grievance. Simpson contended that he had contacted the appropriate state agency by telephone and had been informed that the agency could not be of service to him. The district court ruled that such telephonic communications could not suffice to commence state proceedings in contemplation of § 633(b).

In *Oscar Mayer* the Supreme Court stated: "We hold that [§ 633(b)] mandates that a grievant not bring suit in federal court . . . until he has first resorted to appropriate state administrative proceedings. We also hold, however, that the grievant is not required by [§ 633(b)] to commence the state proceedings within time limits specified by state law." 441 U.S. at ——, 99 S.Ct. at 2070. "Section [633(b)] requires only that the grievant *commence* state proceedings." *Id.* at ——, 99 S.Ct. at 2073.

The plaintiff in *Oscar Mayer* had not commenced any state proceedings before filing his otherwise timely federal action. The Supreme Court held that the appropriate response by the federal court, however, was not to dismiss the federal action but rather was to hold the federal action in abeyance while the plaintiff filed a complaint with the state agency, even though the state complaint appeared to be clearly time-barred. The federal action could be resumed upon the dismissal of the state complaint or the passage of sixty days after its filing, whichever came first. *Id.* at ——, 99 S.Ct. 2066. In this regard, the Supreme Court expressly approved the response to a premature federal action outlined in our prior opinion in *Gabriele. See*

*id.* at —— n. 13, 99 S.Ct. 2066, *citing* 573 F.2d at 956 n. 18.

■ Upon reconsideration in light of *Oscar Mayer* we must initially determine whether Kentucky is a so-called "deferral state" in terms of § 633(b), *see Gabriele, supra,* 573 F.2d at 950 n. 2, since *Oscar Mayer* only requires prior resort to "appropriate state administrative proceedings." The requirements for being a "deferral state" are twofold: 1) the state must have a law prohibiting age discrimination in employment, and 2) there must be a state agency authorized to seek relief for individuals suffering age discrimination. *Eklund v. Lubrizol Corp.,* 529 F.2d 247, 248–49 (6th Cir. 1976) (Ohio is not a deferral state); *Rucker v. Great Scott Supermarkets,* 528 F.2d 393, 394 & n. 3 (6th Cir. 1976) (Michigan is a deferral state).

■ Kentucky meets both of these requirements. K.R.S. § 344.040 expressly outlaws discrimination in employment on the basis of, *inter alia,* age. The Kentucky Commission on Human Rights, created by K.R.S. § 344.150, is empowered "to receive, initiate, investigate, seek to conciliate, hold hearings on, and pass upon complaints alleging violations of" the Kentucky civil rights laws, including § 344.040. K.R.S. § 344.190(8). *See generally,* K.R.S. §§ 344.-180–.270. *Cf. Mitchell v. Mid-Continent Spring Co.,* 466 F.2d 24, 25–26 (6th Cir. 1972), *cert. den.* 410 U.S. 928, 93 S.Ct. 1363, 35 L.Ed.2d 589 (1973), *after remand* 583 F.2d 275 (6th Cir. 1978) (Kentucky Commission on Human Rights is appropriate state agency for Title VII deferral).

■ Kentucky being a "deferral state," under *Oscar Mayer* Simpson was required to resort to the state agency before filing this ADEA suit. As noted in *Gabriele* on remand, we must retreat from our earlier broader holding that commencing state proceedings was not required at all. 604 F.2d at 996. We agree with the district court that, on the peculiar facts of this case, Simpson's telephonic communication was ineffective in commencing state proceedings.

■ This case is thus legally indistinguishable from *Oscar Mayer.* The appropriate response by the district court is to hold this action in abeyance while Simpson files a written complaint with the state agency. The federal action can be resumed, if necessary, upon dismissal of the state complaint or the passage of sixty days after its filing, whichever occurs first.

The judgment of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion. Costs taxed to defendant.