Gilbert EWALD, Plaintiff-Appellant,

v.

The GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC., Defendant-Appellee.

No. 77-1600.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 29, 1979.

Decided May 9, 1980.

Joseph J. Mellon, Cheboygan, Mich., for plaintiff-appellant.

Sheldon S. Toll, Patrick T. Duerr, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., Robert W. Hartland, Reed, Smith, Shaw & McClay, Pittsburgh, for defendant-appellee.

Before LIVELY, BROWN and JONES, Circuit Judges.

LIVELY, Circuit Judge.

The issues in this case relate to time requirements contained in the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. (1976) (ADEA or the Act). The Act provides that before a civil action may be brought by an individual, the plaintiff must give the Secretary of Labor "not less than sixty days' notice of an intent

to file such action."[1]  The two subsections of § 626(d) following the quoted language then establish the time requirement for giving notice to the Secretary as follows:

Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

ADEA § 7(d)(1), (2); 29 U.S.C. § 626(d)(1), (2).

■ The Act also encourages settlement of claims of age discrimination in employment by conciliation at the state level. States which have a law prohibiting age discrimination in employment and an agency authorized to grant or seek relief from such discrimination are known as "deferral states." Though initial complaints and notices may be filed with a state agency and the U. S. Department of Labor simultaneously where a claimed act of discrimination occurs in a deferral state, no federal court action may be filed until the expiration of 60 days after proceedings have been commenced under the state law.[2]  While the Supreme Court has held that the commencement of state proceedings is mandatory in deferral states, this step may be taken after a federal court action is begun and that action may be held in abeyance pending the outcome of state proceedings. *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 2076, 60 L.Ed.2d 609 (1979).

Thus the scheme of the Act is to require resort to state procedures in deferral states, with the state agency having 60 days to effect conciliation before its efforts are superseded by court proceedings. Further, in cases from both deferral and non-deferral states the Secretary of Labor is given 60 days to attempt conciliation before an individual may seek relief in court.

## I.

In the present case the plaintiff-appellant, Ewald, was terminated by the defendant-appellee, A&P, on April 21, 1975. Ewald was 42 years old and entitled to the protection of the Act. The alleged act of discrimination occurred in Michigan, a deferral state. *See Rucker v. Great Scott Supermarkets,* 528 F.2d 393 (6th Cir. 1976). On January 26, 1976 Ewald notified the Secretary of Labor of his intent to bring an action under ADEA. This was more than 180 days and less than 300 days after his termination. However, Ewald did not file a complaint with the Michigan Civil Rights Commission (MCRC) until March 25, 1976, 319 days after his termination. Plaintiff's counsel was advised that the MCRC could take no action on his complaint because it was filed more than 90 days after the alleged discriminatory act. *See* Michigan Compiled Laws §§ 423.301 et seq.

This action was filed in the district court on August 19, 1976. After discovery had been completed by the defendant it moved for summary judgment on the ground that the action was barred for failure of the plaintiff to pursue his state remedies in a timely manner and failure to notify the Secretary of Labor of his intention to sue within 180 days. The plaintiff responded that he had not filed suit until more than 60 days after tendering a complaint to the MCRC and that his notice to the Secretary was given within the 300-day period provided for deferral states. Observance of these limits made his filing timely, he claimed. He also argued that there were equitable reasons for not requiring strict adherence to the notice requirement. The district court granted the motion for summary judgment and dismissed the action upon finding that Ewald had not timely filed with the MCRC or notified the Secretary of Labor within the time limits established by § 626(d). The district court further found no basis for permitting a deviation from the requirements of the Act on equitable grounds.

---

1. ADEA § 7(d), 29 U.S.C. § 626(d).

2. ADEA § 14(b), 29 U.S.C. § 633(b).

## II.

■ Though an ADEA claimant in a deferral state must commence an action under state law, his federal rights are not affected by a state provision which requires filing or notice within a period which is shorter than the 180-day notice period of § 626(d)(1). State limitations provisions "cannot govern the efficacy of the federal remedy." *Oscar Mayer & Co. v. Evans, supra,* 441 U.S. at 762, 99 S.Ct. at 2074; *Gabriele v. Chrysler Corp.,* 573 F.2d 949, 956 (6th Cir. 1978) (concurring opinion), *vacated and remanded on other grounds,* 442 U.S. 908, 99 S.Ct. 2819, 61 L.Ed.2d 273 (1979); *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 194 (3d Cir. 1977). Thus the fact that Ewald failed to file with the MCRC within 90 days was of no consequence. However, we must decide whether the fact that he neither commenced a state action nor notified the Secretary of Labor of his intent to bring suit within 180 days after his termination required dismissal of his action. The question is: Does the fact that an alleged violation of the Act occurred in a deferral state give the plaintiff 300 days in which to notify the Secretary of intent to sue, even though no state action is begun within 180 days of the occurrence?

The Ninth Circuit had this question before it in *Bean v. Crocker National Bank,* 600 F.2d 754 (1979), and held that *Oscar Mayer, supra,* and the plain language of the Act compel the conclusion that "in a deferral state, an ADEA claimant may provide notice of intent to sue to the Secretary within 300 days of an alleged discriminatory act regardless of whether or not state proceedings have been timely commenced." 600 F.2d at 759. We respectfully decline to follow the *Bean* decision. As we read *Oscar Mayer,* it holds that a deferral state complainant may not ignore the state procedures and that failure to comply with a state requirement for commencing proceed-

ings in a period shorter than 180 days does not bar a federal action. However, since the plaintiff in *Oscar Mayer* did notify the Secretary within 180 days, that case did not involve entitlement to the benefit of the extended notification period. One footnote statement in *Oscar Mayer* indicates that if this question had been before the Court it would have decided the matter as we do in this opinion.[3] Referring to the second basis of the *Bean* decision, a casual reading of the statute might lead one to the conclusion that a deferral state claimant has no duty to give notice or commence an action within 180 days. However, when the overall structure and scheme of the Act are considered, we find this conclusion untenable.

■ Congress appears to have concluded that 180 days is a reasonable time for an aggrieved party to determine that a claim under the ADEA exists. The only discernible reason for extending the notification period for a claim arising in a deferral state is to give the state an opportunity to conciliate the dispute. One purpose of the notice provisions of § 626(d) is to protect the employer and any other prospective defendants from the necessity of defending stale claims. The Secretary is required to notify prospective defendants "promptly" upon receiving notice of intent to sue. 29 U.S.C. § 626(d). The 300-day provision will not work to the detriment of prospective defendants if state proceedings are begun within 180 days because they will learn of the claims through the state agency which is seeking to conciliate them. However, if a deferral state plaintiff takes no steps during the 180-day period the claim may be as much as 300 days old when the prospective defendants receive their first notice of it.

■ To require a deferral state plaintiff, within 180 days of the occurrence, either to commence state proceedings or to notify the Secretary of intent to sue would impose

---

**3.** 441 U.S. at 764, 99 S.Ct. at 2076 n. 11.

In any event, even if the risk of bypass of state agencies were real, which it is not, States could readily avoid the possibility by extending their limitations periods to 180 days and by tolling their statutes of limita-

tions upon the filing of a timely charge with the Department of Labor. See *Davis v. Valley Distributing Company,* [9 Cir., 522 F.2d 827] *supra.* Cf. *Burnett v. New York Central Railroad,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965).

upon him the same basic time limit for initiating action as that imposed by the Act on a claimant in a non-deferral state. If he chooses to exhaust his state remedies before resorting to any federal procedure, a claimant may defer giving notice to the Secretary for as long as 300 days after the alleged discriminatory act. During that period the matter may be resolved through state efforts and no notice to the Secretary will be required. However, if the claimant fails to commence state proceedings within 180 days, he should be required to give the Secretary notice of intent to sue within that time. Otherwise, claimants in deferral states who make no effort to use the state procedures would have 120 days longer to initiate an ADEA claim than those with identical claims in non-deferral states. The purpose of the extended period would not be served, and prospective defendants would be denied prompt notice of the impending action. Thus we agree with the district courts which have required claimants in deferral states either to commence state proceedings or to notify the Secretary within 180 days. See Bertsch v. Ford Motor Co., 415 F.Supp. 619 (E.D.Mich.1976); Skoglund v. Singer Co., 403 F.Supp. 797 (D.N.H.1975). The extended (300-day) period for notification of intent to sue is not available to a deferral state claimant who fails to commence state proceedings within 180 days after the alleged act of discrimination.*

### III.

Having determined that Ewald was required by § 626(d) to notify the Secretary within 180 days of his intent to sue, we must determine next whether this is an absolute requirement or one which may be altered in cases justifying equitable relief. The exact nature of the time limits in § 626(d) has been a matter of some confusion for the courts. In Hiscott v. General Electric Co., 521 F.2d 632 (6th Cir. 1975), this court held that the notice provision of § 626(d) is "jurisdictional." In Eklund v.

Lubrizol Corp., 529 F.2d 247 (6th Cir. 1976), and Rucker v. Great Scott Supermarkets, supra, the court termed the notice requirements of § 626(d) "jurisdictional," but noted that no facts were found in either case to warrant equitable relief. This intimation that the requirements could be relaxed where equitable relief was warranted was a clear indication that the court did not consider the notice requirement to be jurisdictional in the strict sense. Judge McCree, dissenting in Eklund and concurring in Rucker, argued that § 626(d) created "statutory prerequisites" or "statutory preconditions," rather than jurisdictional requirements. 529 F.2d at 250–51 and 528 F.2d at 395. More recently this court has held that § 626(d) is not jurisdictional "in the strict sense that non-compliance deprives a district court of the power to hear the case." Gabriele v. Chrysler Corp., supra, 573 F.2d at 954–55 n. 15. This approach is in accord with the holding in Dartt v. Shell Oil Co., 539 F.2d 1256 (10th Cir. 1976), aff'd by equally divided Court, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), that Congress did not intend for failure to file notice within the 180-day notice period to be an absolute bar to bringing an ADEA private action. 539 F.2d at 1259.

■■■■. We believe § 626(d) contains both jurisdictional requirements and statutory prerequisites or preconditions. There appear to be two requirements which are truly jurisdictional in the sense that a district court may not entertain an ADEA action until they have been complied with: (1) Where a claim arises in a deferral state, no action may be maintained unless proceedings are at least commenced under the state law. Oscar Mayer v. Evans, supra; (2) Regardless of whether the claim arises in a deferral state or a non-deferral state, no action may be instituted "until the individual has given the Secretary not less than sixty days' notice of an intent to file such action." 29 U.S.C. § 626(d). Though § 626(d) uses "shall" in setting the time for giving the required notice to the Secretary, we construe the provisions of § 626(d)(1)

---

* Since preparation of this opinion began the First Circuit has reached the same conclusion in Ciccone v. Textron, Inc., 616 F.2d 1216 (1980).

and (2) as establishing periods of limitations rather than jurisdictional requirements. Thus we hold that commencing an action under state law in a deferral state and giving the Secretary at least 60 days notice are jurisdictional prerequisites, but that the time of filing this notice is not jurisdictional. A similar analysis of filing requirements under Title VII of the 1964 Civil Rights Act is found in *Reeb v. Economic Opportunity of Atlanta, Inc.*, 516 F.2d 924, 926 n. 2 (5th Cir. 1975).

## IV.

Since the provisions for the time of filing notice with the Secretary are analogous to statutes of limitations, they may be extended for equitable reasons. The district court in the present case discussed the plaintiff's claim that there were equitable considerations which warranted a relaxation of the 180-day notice requirement. The court found that the only fact relied upon by Ewald was the receipt of a letter from the Department of Labor dated June 21, 1976 advising that he had met the requirements of the ADEA with respect to 29 U.S.C. § 626(d)(2). Since this letter was received more than 14 months after Ewald's termination, he could not have relied upon it for his failure to give notice between 180 and 300 days after that event. In the absence of reliance, there is no basis for equitable estoppel.

Ewald maintains that the district court treated his claim of equitable considerations too narrowly. In his response to the defendant's motion for summary judgment, Ewald argued that he did not file suit until 60 days after tendering a complaint to the MCRC and thus had fulfilled the only requirements of 29 U.S.C. § 633(b).[4] Having complied with the requirements of § 633(b), he contended, he was entitled to avail himself of the extended period provided by § 626(d)(2) for notifying the Secretary of

his intent to sue. This was a purely legal argument and he presented no affidavit to establish the existence of a factual dispute. In his appellate brief Ewald states for the first time that he was advised by a letter of December 22, 1975 from the Department of Labor that an investigation was in progress regarding the termination practices of A&P. A pamphlet concerning ADEA was included with the letter, according to Ewald, and he then employed an attorney who sent the January 21, 1976 notification to the Secretary of Labor.

The December 22, 1975 letter is not in the record, and none of the facts surrounding it were presented to the district court. Before making its motion for summary judgment the defendant served interrogatories on the plaintiff and took his deposition. Ewald did not mention the earlier communications from the Department of Labor in his reply to interrogatories or during his deposition. On the record before the district court the defendant was entitled to summary judgment. A motion for summary judgment requires the adverse party to make a response in which he "set[s] forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Fed.R. Civ.P. The only fact mentioned by Ewald in his response was a reference to the letter of June 21, 1976. We agree with the district court that this letter, which had earlier been filed with replies to interrogatories, did not show the presence of a genuine issue for trial. The response to the summary judgment motion was primarily an argument for a construction of § 626(d) which both the district court and this court have now rejected. The district court did not err in holding that the plaintiff had presented no facts which would warrant relaxing the 180-day notice requirement on equitable grounds.

The judgment of the district court is affirmed.

---

4. ADEA § 14(b), 29 U.S.C. § 633(b), provides in pertinent part:

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated.

NATHANIEL R. JONES, Circuit Judge, dissenting.

Because I read the clear language of Section 626(d) of the Age Discrimination in Employment Act (ADEA) to grant the claimant who resides in a deferral state 300 days within which to file a charge with the Secretary of Labor after the alleged discriminatory act occurred, I respectfully dissent from Part II of the majority opinion. I concur in Parts I, III, and IV.

Section 626(d)(2) plainly provides that the notice to the Secretary "shall be filed . . . in a case to which Section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred . . ." All agree that Michigan is a deferral state and Section 633(b) applies. The Supreme Court has declared that the time limitations of Section 626(d) stand apart from any time restrictions found in Section 633(b). *Oscar Mayer Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 2074, 60 L.Ed.2d 609 (1979). Therefore, a normal reading of the statute demonstrates that Ewald's claim is not time-barred. *Bean v. Crocker National Bank*, 600 F.2d 754 (9th Cir. 1979).

The reasoning of the majority is based on their conception of statutory purpose, not statutory language. The majority has in effect added language to the statute to preclude Ewald's claim. Because of the remedial purpose of the ADEA, procedural requirements not enacted by Congress should not be crafted by the court to bar claims. *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92, 94 (8th Cir. 1975). I agree with the wisdom of Justice Blackmun's concurring statement that a remedial statute, such as ADEA, should be "liberally construed" in order to give "full recognition to that remedial character." 99 S.Ct. at 2076.

The majority concludes that "[t]he only discernible reason for extending the notification period for a claim arising in a deferral state is to give the state an opportunity to conciliate the dispute." Congress did not declare that purpose in either the statute or the legislative history. Such reasoning is only post-hoc judicial rationalization and should not prevail over clear statutory language. *Paxton v. Lanvin-Charles of The Ritz, Inc.*, 434 F.Supp. 612, 615 (S.D.N.Y. 1977). As said in *Paxton*, "[t]he fact that a state procedure for dealing with complaints exists is sufficient to justify congressional extension of the time within which a plaintiff must act on his complaint." *Id.* at 615.

The majority does not cite to any persuasive authority for its reasoning. The footnote in *Oscar Mayer & Co.* to which they cite is at best ambiguous and does not address the issue before us. If anything, *Oscar Mayer & Co.* indicates that procedural requirements in ADEA should be liberally construed.

The legislative history of the 1967 enactment of ADEA is silent on the question before us. *See* 1967 U.S.Code Cong. & Admin.News, pp. 2213, 2218–19, 2224. Similarly, the legislative history of the 1978 amendments to ADEA does not reveal the majority's conceived purpose for the longer 300-day limitation in deferral states. The Senate Report describes Section 626(d) in these terms:

> Section 7(d) of the act requires that an individual must give the Department of Labor notice of intent to file suit within 180 days after the alleged unlawful practice occurs. This period is extended to 300 days where the alleged unlawful practice occurs in a state which has an age discrimination statute which provides a remedy.

1978 U.S.Code Cong. & Admin.News, pp. 504, 523–24. In short, the legislative history provides no support for the majority's interpretation of Section 626(d)(2).

The stated Congressional purpose of the notice requirement in Section 626(d) is "to provide the Department with sufficient information so that it may notify prospective defendants and to provide the Secretary with an opportunity to eliminate the alleged unlawful practices through informed methods of conciliation." 1978 U.S.Code Cong. & Admin.News at 534. The majority's interpretation of the statute is not necessary to accomplish this purpose. A claim can hardly be labeled "old" after 300 days, when the statute of limitations for ADEA claims is two years.

The majority's conclusion engrafts a meaning to the statute which Congress did not place there. Unlike *United Steelworkers of America v. Weber*, 443 U.S. 193, 201–204, 99 S.Ct. 2721, 2726–2728, 61 L.Ed.2d 480, 488–89 (1979), a literal reading of the statute would not yield a result at variance with the purpose of the statute and the legislative history and historical context at the time of enactment do not compel a construction divergent from the plain meaning of the statute. Instead, the majority's statutory drafting serves only to erect a procedural barrier which impedes the remedial goals of the statute. Absent a clear indication of Congressional intent justifying such a construction of the statute, I cannot agree.