**Rudolph F. PIECUCH, Plaintiff,**

v.

**GULF & WESTERN MANUFACTURING COMPANY, Defendant.**

No. C83–2938.

United States District Court,
N.D. Ohio, E.D.

Sept. 23, 1985.

Mark Cohn, Cleveland, Ohio, for plaintiff.

Tom McDonald, Arter & Hadden, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

WHITE, District Judge.

Present before the Court are the following motions; defendant's motion for an order granting it judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure because this Court lacks jurisdiction over the subject matter of the Complaint; defendant's motion for partial summary judgment to dismiss the second and third counts of the Complaint; defendant's motion to strike plaintiff's demand for a jury trial regarding Count II and plaintiff's demand for punitive damages pursuant to § 4101.17 of the Ohio Revised Code.

This case involves allegations of unlawful employment practices on the basis of

age, prohibited by 29 U.S.C. § 626, *et seq.,* the Age Discrimination in Employment Act of 1967, (ADEA); and violations of the Ohio Revised Code § 4101.17.

The defendant has moved this Court for an order granting it judgment as a matter of law based upon the ground that plaintiff failed to satisfy the jurisdictional prerequisites for the filing of his Complaint, by his failure to file a claim for Age Discrimination with the Ohio Civil Rights Commission.

 The Supreme Court held in *Oscar Mayer and Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), that § 14(b) of the ADEA, 29 U.S.C. § 633(b) mandates that in states where established agencies are empowered to remedy age discrimination in employment (deferral states), a person may not bring a suit under ADEA unless he has commenced a proceeding with the appropriate state agency. See also; *Ewald v. Great A & P Tea Co.,* 620 F.2d 1183 (6th Cir.1980). Ohio is a deferral state within the meaning of § 14(b). *Simpson v. Whirlpool Corp.,* 604 F.2d 997 (6th Cir.1979). The Ohio Civil Rights Commission (OCRC) is Ohio's agency which is empowered to remedy age discrimination in employment. *Brownlow v. Edgcomb Metals Co.,* 573 F.Supp. 679 (N.D.Ohio 1983).

In the instant case, plaintiff has failed to file his charge with the OCRC. The record is devoid as to any proof that the OCRC was ever notified that a charge was filed with the Equal Employment Opportunity Commission (EEOC). Therefore, in light of plaintiff's failure to commence state proceedings as mandated by 29 U.S.C. § 633(b), this Court lacks jurisdiction over the subject matter of this Complaint. Accordingly, this Court holds this action in abeyance while the plaintiff files his charge with the OCRC. *Oscar Mayer and Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979); *Simpson v. Whirlpool Corp.,* 604 F.2d 997 (6th Cir.1979).

IT IS SO ORDERED.