989 F.2d 498
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SAMUEL D. BAUGHEY, ET AL, Plaintiffs-Appellants,
v.
TECUMSEH COUNTRY CLUB, INCORPORATED, ET AL, Defendants-Appellees.
 No. 91-2407.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1993.
 
 Before KEITH, DAVID A. NELSON and LIVELY, Circuit Judges.
 
 
 1
 ORDER: Beverly and Samuel Baughey (Plaintiffs-Appellants), appeal the summary judgment dismissal of three claims brought against Tecumseh Country Club ("the Club") and Tecumseh Products Company ("the Products Company"). The Plaintiffs first cause of action was for breach of an express and implied contract precluding their discharge from the Club except for just cause. The second cause of action was brought against the Products Company for tortious interference with the Plaintiffs' employment contract with the Club. The third cause of action was brought against the Club for improperly terminating Mrs. Baughey because of age and sex discrimination, in violation of the Michigan Elliot-Larson Civil Rights Act, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act (ADEA).
 
 
 2
 The Plaintiffs filed their claims in the Circuit Court for Lenawee County, Michigan, but failed to file any complaints with the Equal Employment Opportunity Commission or the Michigan Department of Civil Rights. The Products Company and the Club filed a petition with the United States District Court for the Eastern District of Michigan for removal of the claims to federal court. The district court granted their petition for removal, and on November 18, 1991, granted the Club and the Products Company's motion for summary judgment with respect to all three claims. The Plaintiffs filed a timely notice of appeal.
 
 
 3
 On November 5, 1992, this Court denied the Plaintiffs motion for remand of this action for lack of federal jurisdiction to either the Circuit Court for Lenawee County, Michigan, or to the United States District Court for the Eastern District of Michigan, or alternatively to postpone oral argument. At oral argument on November 9, 1992, we granted the parties fifteen days to present the Court with supplemental briefing on the issue of whether their claims were properly removed to federal court. For the reasons stated below, we VACATE the judgment of the district court with instructions that the court remand this case to the Circuit Court for Lenawee County, Michigan.
 
 I.
 
 4
 With respect to the ADEA claim, the Products Company and the Club concede that in Chapman v. City of Detroit, 808 F.2d 459, 462 (6th Cir.1986), we held that filing with the EEOC is a "jurisdictional prerequisite" to commencement of an ADEA action in federal court. However, they argue that we should reconsider our holding in Chapman in light of our decision in Rucker v. Great Scott Supermarkets, 528 F.2d 393, 395 (6th Cir.1975), overruled by Wright v. Tennessee, 628 F.2d 949 (1980), and decisions from other circuits. Specifically, the Club and the Products Company argue that Rucker permits a waiver of the jurisdictional filing requirement for suits brought under the ADEA where the facts of the case warrant equitable relief. In light of our decision in Chapman, and the fact that there are no circustances in this case warranting equitable relief, we hold that Mrs. Baughey's ADEA claim is not enforceable in federal court because the EEOC was not given notice of the claim.
 
 
 5
 With respect to the Title VII claim, the Club and the Products Company argue that filing a charge with the EEOC is not a "jurisdictional prerequisite" to commencement of a Title VII claim. They rely on Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), as support for their argument. In Zipes, the Supreme Court specifically stated that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes, U.S. at 393. Our decision in Jones v. Truck Drivers' Local Union 299, 748 F.2d 1083 (6th Cir.1984), is instructive on the applicability of Zipes to the instant case. In Jones, we stated that although Zipes may not be a "jurisdictional requirement," it is not a requirement that "could be set aside or waived in the discretion of the District Court." Jones, 748 F.2d at 1086. We explicitly stated in Jones that: "Filing an EEOC charge against a party is a necessary prerequisite to suit." Id. In the instant case, this prerequisite was not met. Therefore, Mrs. Baughey's claim under Title VII is not enforceable in federal court.
 
 
 6
 The Plaintiffs allege that they are entitled to an award of costs and fees incurred as a result of the wrongful removal and attempts to prevent remand of this case to the Lanawee County Circuit Court. However, there is no evidence that either the Club or the Products Company acted in bad faith with respect to the removal or remand of this case. Therefore, we find no basis for awarding the Plaintiffs costs and fees.
 
 II.
 
 7
 For the foregoing reasons, we REMAND this case to the district court for proceedings consistent with this order.