1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel D. BAUGHEY, et al, Plaintiffs-Appellants,
v.
TECUMSEH COUNTRY CLUB, INCORPORATED, et al, Defendants-Appellees.
 No. 91-2407.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1993.
 
 Before: KEITH and NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Beverly and Samuel Baughey (Plaintiffs-Appellants), appeal the summary judgment dismissal of three claims brought against Tecumseh Country Club ("the Club") and Tecumseh Products Company ("the Products Company"). The Plaintiffs first cause of action was for breach of an express and implied contract precluding their discharge from the Club except for just cause. The second cause of action was brought against the Products Company for tortious interference with the Plaintiffs' employment contract with the Club. The third cause of action was brought against the Club for improperly terminating Mrs. Baughey because of age and sex discrimination, in violation of the Michigan Elliot-Larson Civil Rights Act, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act (ADEA).
 
 
 2
 The Plaintiffs filed their claims in the Circuit Court for Lenawee County, Michigan, but failed to file any complaints with the Equal Employment Opportunity Commission or the Michigan Department of Civil Rights. The Products Company and the Club filed a petition with the United States District Court for the Eastern District of Michigan for removal of the claims to federal court. The district court granted their petition for removal, and on November 18, 1991, granted the Club and the Products Company's motion for summary judgment with respect to all three claims. The Plaintiffs filed a timely notice of appeal.
 
 
 3
 On November 5, 1992, this Court denied the Plaintiffs motion for remand of this action for lack of federal jurisdiction to either the Circuit Court for Lenawee County, Michigan, or to the United States District Court for the Eastern District of Michigan, or alternatively to postpone oral argument. At oral argument on November 9, 1992, we granted the parties fifteen days to present the Court with supplemental briefing on the issue of whether their claims were properly removed to federal court. We issued an Order on March 15, 1993, vacating the judgment of the district court with instructions that the court remand this case to the Circuit Court for Lenawee County, Michigan. The Plaintiffs' filed a petition for rehearing and suggestion for rehearing en banc. The Court declined to rehear the case en banc but this panel now grants the petition for rehearing. We now VACATE our earlier Order and AFFIRM the judgment of the district court.
 
 I.
 
 4
 With respect to the ADEA claim, the Products Company and the Club concede that in Chapman v. City of Detroit, 808 F.2d 459, 462 (6th Cir.1986), we held that filing with the EEOC is a "jurisdictional prerequisite" to commencement of an ADEA action in federal court. However, they argue that we should reconsider our holding in Chapman in light of our decision in Rucker v. Great Scott Supermarkets, 528 F.2d 393, 395 (6th Cir.1975), overruled by Wright v. Tennessee, 628 F.2d 949 (1980), and decisions from other circuits. Specifically, the Club and the Products Company argue that Rucker permits a waiver of the jurisdictional filing requirement for suits brought under the ADEA where the facts of the case warrant equitable relief. We find no equaitable circumstances in this case that warrant a waiver of the ADEA's jurisdictional filing requirement. However, before ruling on whether the district court abused its discretion in removing this claim to federal court, we must first consider the Plaintiffs' Title VII claim.
 
 
 5
 With respect to the Title VII claim, the Club and the Products Company argue that filing a charge with the EEOC is not a "jurisdictional prerequisite" to commencement of a Title VII claim. They rely on Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), as support for their argument. In Zipes, the Supreme Court specifically stated that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes, U.S. at 393. Our decision in Jones v. Truck Drivers' Local Union, 299, 748 F.2d 1083 (6th Cir.1984), is instructive on the applicability of Zipes to the instant case. In Jones, we stated that although Zipes may not be a "jurisdictional requirement," it is not a requirement that "could be set aside or waived in the discretion of the District Court." Jones, 748 F.2d at 1086. We explicitly stated in Jones that: "Filing an EEOC charge against a party is a necessary prerequisite to suit." Id. There is no question that this procedural requirement was not met in the instant case. However, as noted in Zipes, filing an EEOC charge is a procedural requirement that is subject to "waiver" by the parties. See Zipes, 455 U.S. at 393.
 
 
 6
 In the case at bar, the Plaintiffs' never questioned federal jurisdiction either in the district court or in this Court until five days before the scheduled oral argument in this case. The Plaintiffs are now claiming that their own failure to take a step required by the statute should be the basis for undoing all of the proceedings in the district court and returning the case to the state court where it would begin from scratch. We find that the Plaintiffs' failure to timely object to the removal of this claim to federal court constituted a waiver of the EEOC jurisdictional filing requirement. Moreover, to remand this case to state court at this juncture would be contrary to the concept of judicial economy. Accordingly, we rule that the district court had subject matter jurisdiction over the Plaintiffs' Title VII claim.
 
 
 7
 Plaintiffs' ADEA and Title VII claims formed the predicate for removing this case from state court. Given that the district court had subject matter jurisdiction over the Title VII claim, the court was entitled to exercise supplemental jurisdiction over the remaining state law claims and the ADEA claim, all of which arise from the termination of the Plaintiffs' employment contract with the Defendants. See 28 U.S.C. Sec. 1367; Monks v. Marlinga, 923 F.2d 423 (6th Cir.1991); Salazar v. City of Chicago, 940 F.2d 233 (7th Cir.1991). Therefore, the district court did not abuse its discretion in removing this entire case to federal court.
 
 II.
 
 8
 For the foregoing reasons, we AFFIRM the decision of the Honorable Paul V. Gadola, United States District Judge for the Eastern District of Michigan, for the reasons set forth in his November 18, 1992, memorandum opinion.